In the United State District Court
Northern District of Georgia
Atlanta Division

| | |
|---|---|
| America 2030 Capital Limited | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No |
| | ) |
| Prescient Investment Limited | ) |
| Maximum Success Capital Partners Ltd. | ) |
| | ) |
| Defendants | ) |

**COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES**

Comes now Plaintiff America 2030 Capital Limited, by and through their attorneys file this Complaint for damages against Prescient Investment Limited( Prescient), and Maximum Success Capital Partners Brokerage Ltd.(Depository Broker)

## 1. PARTIES

The Plaintiff America 2030 is an international Lending Company incorporated in Colorado but domiciled in Georgia with principal address at 1301 Shiloh Rd, Suite 1231, Kenessaw Georgia, 30144. The Defendants are Foreign corporations located in Hong Kong.

## 2. JURISDICTION AND VENUE

Jurisdiction is proper in the federal court through diversity Jurisdiction as the case is international between the Plaintiff, a Corporation domicile in Georgia and the Defendants are foreign corporations domiciled in Hong Kong and the amount in controversy exceeds $75,000.  Venue is proper as substantial transaction regarding this contract was carried out between the Plaintiff and the Defendants in Georgia over the Internet.

## 3. STATEMENT OF FACT

4. On or around May 31, 2018, Prescient investment limited executed a loan agreement contract for the principal amount of $117,000,000.00(one hundred and seventeen Million dollars).

5. The contract required that the Defendant Prescient transfer and deposit a pledge collateral in the amount of about $200,000,000 in stocks and provide for plaintiff's successful valuation of Defendant Prescient transferred Stocks.

6. That on or around July 18, 2018, Borrower informed the Depository Broker to transfer control of the securities on deposit with Maximum Success Partners Capital Limited, the depository broker to the Plaintiff.  The

Borrower transferred 1,270,000, shares of Phamally International Holding Co, Limited, a publicly traded company listed on the Taiwan Stock exchange.

7. The Stocks were to be under the sole control of the transferred stock deposited in account P800125

8. On the same July 18, 2018, the Depository Broker, notified Plaintiff in writing that all 1,270,000, shares of Pharmally International Holding Co Ltd in account P800125 in the name of Priescient Investment Limited are now Pledged to Plaintiff in accordance to the Master Loan Agreement (MLA)

9. That on or around July 19, 2018, the Depository Broker executed a Confirmation and Ratification Statement which states the parties have ratified as follows:

- That they have all the required documentation;

- That they have respectively, delivered, received and posted the collateral;

- That both parties have consented and are prepared to proceed with the transaction;

- That the Depository Broker has executed the CMA (Custodian Master Agreement) and has recognized the existence and validity of the POA (Power of Attorney) which allows for the Plaintiff to use, sell or transfer or assign the stocks if he raised an entitlement order.

- That the Depository Lender will only accept Entitlement Orders from the Lender and that the Pledged Collateral under Lender's Sole Control is Pharmally International Holdings Company Limited security Code 6452TT in the amount of 1,270,000 shares with Borrower account Number P800125

10. Under the various executed documents, the Depository Broker is required to hold the Shares in its brokerage and also allow the Plaintiff to trade the stocks in the Public stock market place based on the Loan agreement.  The CMA provides that the Lender reserves the right to test the pledged collateral for validity and efficacy prior to funding and also that the Borrower concedes to Lender's right to transact in the Pledged Collateral.

11. Section 1.1 of the CMA entered into by the Borrower and the Lender bars the Depository Broker from interfering in the entitlement order.

12. The CMA Section 2-1 allows the Lender to provide notifications to the Depository Broker directing it to sell, trade, withdraw, or redeem funds or other property in the depository account including the pledged collateral. Defendant borrower, Prescient transferred the stocks to the Depository broker and the broker confirmed the transfer to the Plaintiff.

13. The Depository broker has refused to follow the Entitlement Order placed by the Plaintiff to sell any of the shares on the advice of the Plaintiff.

## CAUSES OF ACTION.

### BREACH OF CONTRACT BY PRESCIENT

14. Plaintiff incorporates into this cause of action paragraph 1 through to 13

15. The Defendant Prescient breached the contract when it instructed the broker dealer not to follow the Entitlement order calling for the release of some Stocks. The refusal of the borrower to follow the terms of the CMA and POA requiring the release of stocks to test its validity constitute a breach of Contract preventing the Plaintiff to perform.

16. Based on the Contract, the breach by the borrower leads to the forfeiture of transferred stocks to the Plaintiff as enumerated in the agreement. Therefore because Prescient breached the contract, the Plaintiff is entitled to recover.

### BREACH OF CONTRACT BY THE BROKER DEALER

17. Plaintiff incorporates into this cause of action paragraph 1 through to 16

18. The refusal of the broker dealer to honor the entitlement order per the CMA and the POA to release the stocks is a breach of the Custodian Management Agreement and MA and POA, thus entitling the Plaintiff to recover against the Broker Dealer under the contract.

## BREACH OF IMPLIED COVEENANT OF GOOD FAITH AND FAIR DEALING.

19. Plaintiff incorporates into this cause of action paragraph 1 through to 18

20. The Defendants breached the implied covenant of good faith and fair dealing when Prescient and the broker dealer failed to allow the Plaintiff to take actions that will safeguard and preserve the Pledged collateral as part of its compliance and general risk management strategy used to verify the validity of the pledged collateral, thus entitling the Plaintiff to recover under the contract.

## FRAUDULENT MISREPRESENTATION.

21. The Defendant borrower made a representation that they will act according to the agreement requiring that Plaintiff test the validity of the 6452TT shares when they executed the Master Loan Agreement requiring that the Plaintiff safeguard the Pledged Collateral, this representation became false when the Borrower never allowed the Broker Dealer to release the shares to the Plaintiff at the time the Plaintiff requested the shares, this action caused the Plaintiff to suffer loss of income as it prevented the Plaintiff from carrying out the Contract thus causing the Plaintiff loss of future income. Therefore, the Plaintiff is entitled to recover.

## **PRAYER FOR RELIEF**.

Wherefore, Plaintiff prays the Court to grant him relief as follows:

1. For General Damages according as to the first cause of action;

2. To order the Depository Broker to turn over the pledged account of 1,270,000 shares in the account P800125;

3. Damages for lost expectation income;

4. For damages according to proof as to the second cause of action;

5. For compensatory and punitive damages;

6. For all other damages deemed appropriate by the court.

## **DEMAND FOR JURY TRIAL.**

Plaintiffs therefore demand jury trial on all triable issues.

This 22nd day of October, 2018

_____
Esther Oise
686342
Oise Law Group PC
1565 Woodington Circle Ste 101D
Lawrenceville GA
30044
770895376
4045376531

oiselaw@gmail.com

## **CERTIFICATE OF SERVICE**

I , Esther Oise, Counsel for Plaintiff, on this18th day of October, 2018, served t counsel for Defendant, true copies of the response to Defendant's Request for production of documents via certified mail to the address below:

Prescient Investment Ltd            Maximum Success Capital Partners Ltd
10th Floor Guandong Inv. Tower     Unit A, 12/F Heng Shen Center
148 Connaught Rd Central            141-145 Queens Rd East
Hong Kong                           Wanchai Hong Kong

s/Esther Oise Esq.<br>
Bar No 686342<br>
Attorney for Plaintiff<br>
America 2030<br>
Oise Law Group<br>
1565 Woodington Circle Suite 101D<br>
Lawrenceville, GA 3004<br>
Phone:  (770)-895-3736<br>
Fax:    4045376531<br>
oiselaw@gmail.com

In the United State District Court
Northern District of Georgia
Atlanta Division

| | |
|---|---|
| America 2030 Capital Limited | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No |
| | ) |
| Prescient Investment Limited | ) |
| Maximum Success Capital Partners Ltd. | ) |
| | ) |
| Defendants | ) |
| _____ | / |

## CERTIFICATE OF INTERESTED PERSONSAND CORPORATE DISCLOSURE STATEMENT

1.The Undersigned counsel of record for the Plaintiff to this action certify that the following is a full and complete list of interested parties to this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

Plaintiff:    America 2030 Capital Limited

Defendant:    Prescient Investment Limited and Maximum Success Capital Partners Limited.

2. The Undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either financial interest in or other interest which could be substantially affected by the outcome of this case:

9

3. The Undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

For Plaintiff:   Esther Oise

For Defendant  :  Unknown

Respectfully submitted this 22nd day of October 2018.

s/Esther Oise Esq.
Bar No 686342
Attorney for Plaintiff

Oise Law Group
1565 Woodington Circle Suite 101D
Lawrenceville, GA 30044
Phone: (770)-895-3736
Fax: 4045376531
oiselaw@gmail.com
