IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICA 2030 CAPITAL LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| PRESCIENT INVESTMENT LIMITED | ) | NO. 1:18-cv-04875-AT |
| and MAXIMUM SUCCESS CAPITAL | ) | |
| PARTNERS LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED**

This Court should grant the Motion to Dismiss by Maximum Success Capital Partners Limited ("MSCP") because (a) this Court lacks personal jurisdiction over MSCP, (b) this Court lacks subject matter jurisdiction, (c) the plaintiff is not the real party in interest, (d) venue is improper, and (e) the Plaintiff is a foreign corporation not registered to do business in Georgia.

MSCP supports this memorandum with Attachments A through L hereto, which include the Declaration of Shih Chi Liu (signed on January 8, 2019) (Attachment K hereto) and the Second Declaration of Shih Chi Liu (signed on January 21, 2019) (Attachment L hereto).

1

## I.    <u>SUMMARY OF ARGUMENT</u>

First, the Plaintiff's claim of personal jurisdiction based on MSCP's contacts with Georgia is baseless because MSCP has no contacts on which such a claim may reasonably be based.

Second, in a sleight of hand, the Plaintiff alleges that it signed documents that were actually signed by an affiliated Hong Kong corporation with the same name as the Plaintiff. The Plaintiff appears to have engaged in that sleight of hand to try illicitly to create personal jurisdiction in Georgia, where the Plaintiff alleges that it is domiciled. In reality, the transactions alleged in the complaint took place in Hong Kong exclusively among Hong Kong corporations. So, no diversity jurisdiction exists.

Third, because the Plaintiff did not sign the documents identified in the complaint, the Plaintiff is not the real party in interest.

Fourth, venue is improper.

Fifth, this action should be dismissed because Plaintiff, as a Colorado corporation that has not registered to do business in Georgia, lacked the registration capacity and standing to file this diversity action under Georgia law. O.C.G.A. § 14-2-1502.

SGR/19743616.2

## II.  <u>STATEMENT OF FACTS</u>

On October 22, 2018, Plaintiff America 2030 Capital Limited filed this action against MSCP and another defendant. The complaint includes the following allegations: (1) Plaintiff is "incorporated in Colorado but domiciled in Georgia" [Doc. 1, p. 1], (2) both defendants are located and incorporated in Hong Kong [Doc. 1, p. 1], (3) the Plaintiff and the Defendants signed three contracts[1] ("Contracts") [Doc. 1, pp. 2-6], and (4) this Court has diversity jurisdiction for claims of breach of contract and fraud arising out of the Contracts [Doc. 1, p.2].

In conclusory terms, the complaint alleges personal jurisdiction over Defendant MSCP.  However, MSCP is a Hong Kong corporation with its principal place of business in Hong Kong that does no business in Georgia, owns no property in Georgia and has no Georgia contacts upon which personal jurisdiction may be properly alleged. (Declaration of Shi Chi Liu ¶¶ 3-20 (Attachment K hereto)). The

---

[1] The three Contracts, attached hereto as Attachment E, F, and G, are identified in paragraphs 5 and 12-14 of the Second Declaration of Shih Chi Liu (signed on January 21, 2019) (Attachment L hereto). The attachments hereof are appropriately considered on a motion to dismiss because "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims,'" *Luskar v. Peterson*, 771 F.3d 1291, 1295 n. 3 (11th Cir. 2014), (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)), and because some attachments are public records. *Luskar,* 771 F.3d at 1295 n. 3 (citing Fed. R. Evid. 201(b)(2)).  The attachments hereto meet those criteria, as stated in the Second Declaration of Shih Chi Liu, filed herewith as Attachment L.

SGR/19743616.2

complaint correctly recognized that the Defendant MSCP is a foreign Hong Kong corporation [Doc. 1, p. 1]. However, the complaint does not – and cannot – allege sufficient facts to sustain either general personal jurisdiction or specific personal jurisdiction over Defendant MSCP.

Further, the Plaintiff is improperly engaged in a shell game to assert personal and diversity jurisdiction where none exists. That shell game involves three corporations with the identical name, America 2030 Capital Limited: one incorporated in Colorado (Attachment A hereto), one incorporated in Hong Kong (Attachment B hereto), and one incorporated in the United Kingdom (Attachment C hereto). For ease of reference, we will use the terms "Colorado Plaintiff" to refer to the Colorado entity, "Hong Kong Signatory" to refer to the Hong Kong entity, and "UK Entity" to refer to the United Kingdom corporation. In addition, a fourth company, formed in Colorado, bears a similar name:  America 2030 Capital, LLC ("Colorado LLC") (Attachment D hereto). The Hong Kong Signatory is controlled by Val Sklarov, who signed each of the documents identified in the complaint. (Attachment B hereto, page 7 of 7; Attachment E hereto, p. R00035; Attachment F hereto, p. R00042; Attachment G hereto, p. R00013); (*see* Second Declaration of Shih Chi Liu ¶¶ 10, 17, filed herewith).

4

Despite the false allegations in the complaint that the Colorado Plaintiff signed the Contracts, the Contracts themselves show that the Hong Kong Signatory signed the Contracts. That is shown by the seals on the two sealed Contracts that state, "Incorporated in Hong Kong." (Attachment E hereto, p. R00035; Attachment F hereto, p. R00042). That is also shown on three pages of the unsealed contract. (Attachment G hereto, pp. R00008, R00011, R00014). That is further shown because the entity number shown on the corporate seal of the sealed documents ("Registration 2646350") is that of a Hong Kong corporation whose corporation documents are Attachment B hereto. Thus, the Contracts regard a transaction exclusively among Hong Kong signatories regarding the disposition of certain stock in a Hong Kong account. Importantly, the Colorado Plaintiff was not a party to the Contracts.

By a sleight of hand to try illicitly to manufacture personal and subject matter jurisdiction where none legally exists, the complaint makes baseless allegations that the Colorado Plaintiff was a party to the Contracts [Doc. 1, pp. 2-6], thus falsely creating the impression of a personal-jurisdiction link to Georgia through the Plaintiff's alleged Georgia domicile. In reality, no such link exists. Similarly, the Colorado Plaintiff thus falsely created the impression of diversity jurisdiction. In reality, no diversity exists.

SGR/19743616.2

Because the Colorado Plaintiff is not listed on the Georgia Secretary of State's records as being registered to do business in Georgia (Attachment H hereto), it is ineligible to file suit here as a matter of Georgia law.

From a practical standpoint, a lawsuit regarding the Contracts already exists in Hong Kong, and an entity named America 2030 Capital Limited has acknowledged service through Hong Kong counsel. (Attachment I hereto). That Hong Kong lawsuit predates this action. (Attachment J hereto, p. J1-J15 (Writ of Summons in Hong Kong action issued October 16, 2018)); [Doc. 1] (complaint in this action filed on October 22, 2018). Thus, this action appears to be solely for retaliation, harassment and the infliction of unnecessary expense and inconvenience.

For the foregoing reasons, beginning in the first part of December 2018, Defendant MSCP respectfully requested through counsel that Plaintiff dismiss its action. Counsel for the Plaintiff declined. Instead, Plaintiff's counsel expressed a desire possibly to amend the complaint to allege that the Colorado Plaintiff was the parent of the Hong Kong Signatory and that, in the capacity of a parent, the Colorado Plaintiff could sue on behalf of the Hong Kong Signatory to help support personal jurisdiction in this Court. However, the Hong Kong Signatory, and not the Colorado Plaintiff, is the real party in interest. Thus, it would be frivolous to seek such an amendment.  It would be similarly frivolous to permit the Hong Kong Signatory to

6

enter this case as the plaintiff because the Hong Kong Signatory would destroy diversity jurisdiction, and no federal question is involved.  Therefore, any attempt to amend would seek merely to substitute one set of baseless allegations for another.

## III.   ARGUMENT AND CITATION TO AUTHORITY

### A.   This Court Lacks Personal Jurisdiction Over MSCP

The Plaintiff's claim of personal jurisdiction based on MSCP's contacts with Georgia is baseless because the jurisdictional allegations of the complaint are insufficient and because MSCP has no contacts on which sufficient allegations may reasonably be made.  Thus, the Plaintiff has not met and cannot meet its legal burden of establishing jurisdiction.

### 1.   Existing Personal Jurisdiction Allegations Are Insufficient

Regarding the existing allegations, the complaint properly acknowledges that both "Defendants are Foreign corporations located in Hong Kong" [Doc. 1, p. 1]. Yet, the complaint is factually and legally baseless because it is devoid of sufficient allegations regarding personal jurisdiction for Defendant MSCP. In that regard, the complaint alleges:

> 2. JURISDICTION AND VENUE
>
> Jurisdiction is proper in the federal court through diversity Jurisdiction as the case is international between the Plaintiff, a Corporation domicile [*sic*] in Georgia and the Defendants are foreign corporations domiciled in Hong Kong and the amount in controversy exceeds $75,000.

7

> Venue is proper as substantial transaction regarding this contract was carried out between the Plaintiff and the Defendants in Georgia over the Internet.

[Doc. 1, p. 2]. There are no other personal jurisdiction allegations. That conclusory statement does not pass muster under Rule 8(a)(1) of the Federal Rules of Civil Procedure.  For example, the complaint fails to allege facts showing that MSCP purposefully availed itself of the protections and benefits of the State of Georgia. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws").

## 2.   <u>No Sufficient Personal Jurisdiction Allegations Are Possible, and This Court Lacks Personal Jurisdiction Over MSCP</u>

No sufficient factual personal jurisdiction allegations can be made pursuant to Rule 8(a)(1) because no facts exist upon which to make such allegations. (Attachment K hereto).  *E.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–96 (1980) ("we find in the record before us a total absence of those affiliating circumstances that are a necessary

8

predicate to any exercise of state court jurisdiction. Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State."); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

As shown in the Statement of Facts above and in the Declaration of Shih Chi Liu (Attachment K hereto), MSCP has never conducted business in Georgia, carries on no activity whatsoever in Georgia and avails itself of none of the privileges and benefits of Georgia law.  (Declaration of Shih Chi Liu ¶¶ 3-19 (Attachment K hereto)).  Further, as stated above, MSCP's alleged link to Georgia via the Colorado Plaintiff's alleged Georgia domicile is illusory because the Hong Kong Signatory, rather than the Colorado Plaintiff, took the actions alleged on pages 2 through 6 of the complaint. [Doc. 1, pp. 2-6]. Additionally, it would be unreasonably burdensome for MSCP to travel to the United States and deal with the legal system in the United States and Georgia to defend the Action. MSCP does not do business with entities of the United States to avoid the possibility of being brought into legal proceedings in the United States. (Second Declaration of Shih Chi Liu, ¶ 18 (Attachment L hereto)); *Asahi Metal Indus. Co. v. Superior Ct.*, 280 U.S. 102, 116 (1987). Thus, no

9

sufficient personal-jurisdiction allegations are possible, and this Court lacks personal jurisdiction over MSCP.

**B.    This Court Lacks Diversity Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction based on diversity because, as shown above, this dispute is among three Hong Kong corporations. Thus, no diversity exists. 28 U.S.C. § 1332; *Island Global Yachting, Ltd. v. Poole Capital, S.A.*, 438 F. Supp. 2d 310, 310 (S.D.N.Y. 2006) ("the presence of aliens on two sides of a case destroys diversity jurisdiction").

**C.    The Colorado Plaintiff Is Not the Real Party in Interest**

The Complaint must be dismissed because "[a]n action must be prosecuted in the name of the real party in interest," which is the Hong Kong Signatory and not the Colorado Plaintiff. Fed. R. Civ. P. 17(a)(1). While in some cases it is possible to substitute the real party in interest for the plaintiff, such a substitution is not feasible here for several reasons. First, substituting the Hong Kong Signatory as the plaintiff would not solve this Court's lack of personal jurisdiction over MSCP as stated in section III(A) above.   Second, such a substitution would destroy subject matter jurisdiction as stated in section III(B) above. Third, the Hong Kong Signatory is not registered to do business in Georgia, as discussed in section III(D) below.

SGR/19743616.2

## D.   <u>Venue is Improper</u>

The events alleged in the complaint took place in Hong Kong and regarded Hong Kong accounts. Second Declaration of Shih Chi Liu ¶ 5 (Attachment L hereto). Because a substantial part of the events or omissions giving rise to the claim did not occur in Georgia, venue is not proper in this district pursuant to 28 U.S. Code § 1391(b)(2).  Because this Court lacks personal jurisdiction over MSCP (see section III(A) above), venue is not proper under 28 U.S. Code § 1391(b)(3).

## E.   <u>The Colorado Plaintiff and the Hong Kong Signatory Lack the Capacity to Sue in Georgia</u>

Neither the Colorado Plaintiff nor the Hong Kong Signatory are qualified or registered with the Georgia Secretary of State to do business in Georgia (Attachment H hereto), thus depriving the both of those entities of the capacity and standing to file and maintain this action. O.C.G.A. § 14-2-1502.

## IV.   <u>REMEDY</u>

MSCP seeks a dismissal order based upon each of its arguments.  However, MSCP seeks as a matter of priority a decision based upon lack of personal jurisdiction because that basis for decision will have a beneficial preclusive effect should the Colorado Plaintiff or the Hong Kong Signatory seek to harass MSCP

SGR/19743616.2

further by suing MSCP in Georgia state court.  This Court has the discretion to make

such a priority ruling.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999).

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss this action.

Respectfully submitted, this 22nd day of January, 2019.

SMITH, GAMBRELL & RUSSELL, LLP


 *s/ William W. Maycock*
William W. Maycock
Georgia Bar No. 479175
Vickie C. Rusek
Georgia Bar No. 487697

*Attorneys for Defendant Maximum Success
Capital Partners Limited*

1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia  30309-3592
T: (404) 815-3500
F: (404) 685-6887
bmaycock@sgrlaw.com
vrusek@sgrlaw.com

SGR/19743616.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICA 2030 CAPITAL LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| PRESCIENT INVESTMENT LIMITED | ) | NO. 1:18-cv-04875-AT |
| and MAXIMUM SUCCESS CAPITAL | ) | |
| PARTNERS LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have, this date, served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED** by causing the same to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing sufficient to constitute service to all counsel of record.

1

This 22nd day of January, 2019.

SMITH, GAMBRELL & RUSSELL, LLP

*s/ William W. Maycock*

William W. Maycock
Georgia Bar No. 479175
Vickie C. Rusek
Georgia Bar No. 487697

*Attorneys for Defendant Maximum Success
Capital Partners Limited*

1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia  30309-3592
T: (404) 815-3500
F: (404) 685-6887
bmaycock@sgrlaw.com
vrusek@sgrlaw.com

2