# Attachment G

# AMERICA 2030 CAPITAL LIMITED

## Investment Banking/Stock Loans

**CUSTODIAN MANAGEMENT AGREEMENT**

Between

**PRESCIENT INVESTMENT LIMITED**, as Borrower;

**AMERICA 2030 CAPITAL LIMITED**, as Lender;

And

[●], as Depository Broker

DATED ____ of _____ 2018

R00007

## Custodian Management Agreement

This Custodian Management Agreement (this "**Agreement**" or the "**CMA**") is entered into, effective on the date of execution hereof, by and between:

**PRESCIENT INVESTMENT LIMITED** for itself, representatives, affiliates, and assigns, with a principal place of business located at 10 Floor, Guangdong Investment Tower, 148 Connaught Road Central, Hong Kong, which represents and warrants that they have the capacity and standing to enter into this Agreement (hereinafter "**Borrower**");

**AMERICA 2030 CAPITAL LIMITED**, for itself, representatives, affiliates, and assigns, with an office located at Unit 1411, 14/Floor Cosco Tower, 183 Queen's Road Central, Sheung Wan, Hong Kong, which represents and warrants that they have the capacity and standing to enter into this Agreement (hereinafter "**Lender**");

AND

*Maximum Success Capital Partners Ltd.* for itself, affiliates, and subsidiaries, with a principal place of business located at _____, and represented by _____, which represents and warrants that they have the capacity and standing to enter into this Agreement (hereinafter "**Depository Broker**"). *Unit A, 12/F, Heng Shan Centre, 141-145 Queen's Road East, Wanchai, Hong Kong*

Borrower, Lender, and Depository Broker are hereinafter sometimes individually referred to as a "Party" and collectively as the "Parties".

1   Scope of this Agreement.

1.1   Lender and Borrower have entered into a Master Loan Agreement (the "MLA"), which is independent of this Agreement and the Depository Broker is not bound by it, may not interpret or attempt to adhere to it, shall not base Lender's entitlement order ("**Entitlement Order**") on it, shall not refuse to follow Lender's Entitlement Order, or attempt to interfere with any such Entitlement Order.

2   Control By Lender.

2.1   The Parties acknowledge that the Lender may, from time to time, provide notifications to the Depository Broker directing it to sell, trade, transfer, withdraw, or redeem any funds or other

VS R00008



property in the depository account ("**Depository Account(s)**" or "**Account(s)**") in the Event of Default. Lender may not sell short the Pledged Collateral except in the Event of Default. Lender may from time to time and any time, in its sole discretion, (i) use the shares constituting the Pledged Collateral (or any of them) in any repurchase or loan transaction in support of the risk management strategy of Lender, irrespective of whether an Event of Default has occurred, and (ii) as otherwise provided in the Pledge (each an "**Entitlement Order**"). The Parties further acknowledge that Lender reserves the right to direct the Depository Broker to comply with any Entitlement Order originated by Lender.

2.2   The Depository Account(s) held by the Depository Broker in favor of Lender are as follows:

| List of the Dedicated Depository Account(s) (Maintained by the Borrower with the Depository Broker Specifying Account Name, Signatory, Address, and Account Number): ||
|---|---|
| Prescient Investment Limited | P800125 |
|  |  |
|  |  |

2.3   The Lender's lien and security interest also includes all proceeds of the foregoing, and all proceeds of proceeds and trades. Borrower represents and warrants to both Lender and the Depository Broker that it owns the Pledged Collateral free and clear of any lien, whether voluntary or involuntary.

2.4   The Borrower agrees to bear all reasonable costs, fees, and out of pocket expenses that might arise in the course of enforcing, executing, and maintaining this Agreement.

2.5   For the services provided, the Depository Broker will be entitled to an annual custodian management charge to be paid by Borrower based on the cumulative net asset value of all Depository Account(s). For the avoidance of doubt, the annual custodian management charge is exclusive of any transaction fee, personal income tax, and other administrative costs and fees. Such nonrefundable fee shall be paid one year in advance. First year fee shall be deducted from the Loan proceeds, and each year of the term thereafter shall be the same fee paid annually on the anniversary of the Closing Date, paid to Lender.

V S.

R00009

2.6  Borrower hereby agrees to unconditionally and irrevocably relinquish, forfeit, and renounce any right it may now or in the future have over the Depository Account(s) to the Lender. Borrower shall not claim any right or privilege or exercise any control whatsoever over the Account(s) and shall not issue any instructions to the Depository Broker or directly or indirectly interfere with Lender's instructions to said Depository Broker or attempt to seek injunctive relief from any court of law, regulatory body or stock exchange requesting to invalidate, suspend, limit, impede, terminate or restrict this Agreement. Any attempt for Injunctive relief by Borrower or any interference by central depository agency shall be an immediate and an incurable default.

3  Borrower's Rights in the Dedicated Depository Account(s).

3.1  Until the Lender notifies the Depository Broker in writing that the Lender's security interest in the Depository Account(s) have terminated, the Depository Broker shall not distribute to the Borrower any securities, assets, funds, or property currently or in the future held in the Depository Account(s) whatsoever.

4  Depository Broker's Responsibility.

4.1  The Depository Broker shall immediately notify the Lender of the receipt of the Pledged Collateral into the Depository Account(s), including the amount of shares deposited, the stock price at the time of receipt, and confirmation that the Account(s) is now solely under the custody, care, and control of the Lender.

4.2  The Depository Broker will not be liable to the Borrower for complying with any Entitlement Orders originated by the Lender and the Borrower hereby waives any rights to claims against the Depository Broker in connection thereto. Further, it is agreed that the Depository Broker is not obliged to verify and will not verify whether Lender has the right to give the Entitlement Order.

5  Indemnity.

5.1  Borrower acknowledges that Borrower is bound by the instructions that the Lender gives the Depository Broker and does hereby indemnify, discharge, and forever hold harmless the

V S.

R00010



Depository Broker, its officers, directors, employees, agents, and shareholders in relation to the actions of the Lender and will not take any action or seek remedy against the Depository Broker with respect to it complying with and enforcing this Agreement.

6 Termination.

6.1 Lender may at any time terminate this Agreement on not less than thirty (30) days written notice to the Depository Broker and the Borrower. The Depository Broker may terminate this Agreement on not less than thirty (30) days written notice to the Lender and the Borrower. Upon such termination by the Depository Broker, the Lender shall within two (2) Business Days issue an Entitlement Order to the Depository Broker ordering the Depository Broker to promptly transfer the Pledged Collateral to the Lender or to such person(s) under the written instructions issued by or on behalf of the Lender. Once a transfer is made pursuant to such Entitlement Order, the Depository Broker's obligations under this Agreement are or deemed to have been fully discharged.

7 Miscellaneous.

7.1 Borrower may not assign, transfer, charge, or novate any of its rights or obligations under this Agreement.

7.2 Capitalized terms used but not defined herein shall have the meanings given to such terms in the MLA.

7.3 All communications from and to any of the Parties hereto may be transmitted by mail to the addresses listed below or electronically and shall, in the case of the latter, have full legal force and effect, including electronic signatures contained therein.

**Lender:**
AMERICA 2030 CAPITAL LIMITED
Attention: Mark Bentley, Director of Operations
Unit 1411, 14/Floor Cosco Tower, 183 Queen's Road Central,
Sheung Wan, Hong Kong



R00011

Bentley@America2030.net +1 623-213-2500

**Borrower:**
PRESCIENT INVESTMENT LIMITED
10 Floor, Guangdong Investment Tower,
148 Connaught Road Central, Hong Kong
Raymond@luxelegalgroup.com: 66224708

**Depository Broker:**
*Maximum Success Capital Partners Ltd.*
*Unit A, 12/F, Heng Shan Centre, 141-145 Queen's Road East, Wanchai, Hong Kong.*

7.4   BORROWER REPRESENTS THAT THE SECURITIES AND OR PROPERTY IN THE DEPOSITORY ACCOUNT(S) ARE NOT PART OF ANY ILL-GOTTEN GAIN OR A RESULT OF ANY FRAUDULENT ACTIVITY WHICH WILL FALL UNDER HONG KONG PENAL LAW. BORROWER IS NOT UNDER THE INFLUENCE OF DRUGS OR ALCOHOL WHEN ENTERING INTO THIS AGREEMENT. BORROWER HAS NOT BEEN DECLARED BY A COURT OF LAW TO BE MENTALLY INCOMPETENT. THE SUBJECT SHARES AND PROPERTY IN THE DEPOSITORY ACCOUNT(S) ARE NOT PART OF ANY PENDING LITIGATION AND ARE FREE OF ANY LIEN OR ENCUMBRANCE. BORROWER ORDERS AND MANDATES THE DEPOSITORY BROKER THAT IRRESPECTIVE OF HOW THIS AGREEMENT MAY BE INTERPRETED, ANY AND ALL ENTITLEMENT ORDERS SHALL COME SOLELY FROM LENDER AND SHALL NOT BE CONTESTED. THE PARTIES HAVE EVALUATED ALL RISKS INDEPENDENTLY AND DID NOT RELY ON REPRESENTATIONS MADE BY LENDER. THE DEPOSITORY BROKER SHALL BE FULLY INDEMNIFIED BY BORROWER AGAINST ANY LIABILITIES OCCASIONED BY THIS AGREEMENT.

V S.

AMERICA 2030 CAPITAL LIMITED
Investment Banking/Stock Loans

## SIGNATORIES

Depository Broker: (Include Chop)

_[signature]_     Liu Shih Chi _[chop: Maximum Success Capital Partners Limited]_     6/7/2018

Signature     Name and Title     Date

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Borrower: (Include Chop)

_[signature]_     Yip Wai Man, Director     1-6-2018

Signature     Name and Title     Date

_[signature]_

**CHAN KWOK KANG DENNIS**
Solicitor, Hong Kong SAR
Gallant, Solicitors & Notaries

~~NOTARY PUBLIC~~
~~Notary Public is only certifying Borrower's signature~~

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lender: (Include Chop)

_[signature]_     Val Sklarov     July 9, 2018

Signature     Name and Title     Date

NOTARY PUBLIC
Notary Public is only certifying Lender's signature

| Contacts: | | |
|---|---|---|
| | USA | America 2030 Capital, LLC<br>1301 Shiloh RD, NW<br>Suite 1231<br>Kennesaw, GA 30144 |
| | UNITED KINGDOM | America 2030 Capital Limited<br>Kemp House<br>160 City Road<br>London, United Kingdom<br>EC1V 2NX |
| | HONG KONG | America 2030 Capital Limited<br>Unit 1411, 14/Floor Cosco Tower,<br>183 Queen's Road Central, Sheung<br>Wan, Hong Kong |

www.america2030.net   ©1986-2018 All rights reserved.

R00014