# Attachment J

## Court Papers from
## Hong Kong Lawsuit

| <u>Contents</u> | | <u>Pages</u> |
|---|---|---|
| 1. | Writ of Summons | J1-J15 |
| 2. | Interlocutory Injunction | J16-J21 |
| 3. | 1st Affirmation of Lin, Shun-hsio | J22-J41 |
| 4. | Order | J42-J44 |

| Claim nature: | |
|---|---|
| A: | Mixed Claim |
| B: | Contract |

No. 1
**Writ of Summons**
(O. 6 r. 1)

HCA ⁊⅄ꝛ⅄ /2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO.   ⁊⅄ꝛ⅄   OF 2018

PRESCIENT INVESTMENT LIMITED                                            Plaintiff

and

AMERICA 2030 CAPITAL LIMITED                                  1st Defendant

MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED          2nd Defendant

To:  the 1st Defendant AMERICA 2030 CAPITAL LIMITED whose registered office is
situate at Unit 1411, 14/Floor, Cosco Tower, 183 Queen's Road Central, Sheung Wan, Hong
Kong; the 2nd Defendant MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED whose
registered office is situate at Unit A, 12/F, Heng Shan Centre, 141-145 Queen's Road East,
Wanchai, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect
of the claim set out on the back.

Within (14) days after the services of this Writ on you, counting the day of service, you must
either satisfy the claim or return to the Registry of the High Court the accompanying
ACKNOWLEDGMENT OF SERVICE stating therein whether you intend to contest these
proceedings or to make an admission.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you
return the Acknowledgment without stating therein an intention to contest the proceedings or to
make an admission, the Plaintiff may proceed with the action and judgment may be entered
against you forthwith without further notice.

If you intend to make an admission, you may complete an appropriate form enclosed in
accordance with the accompanying Directions for Acknowledgment of Service.

Issued from the Registry of the High Court this 16th day of October 2018.

Registrar

Note:- This Writ may not be served later than 12 calendar months beginning with that date unless
renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgment of Service are given with the accompanying form

J1

2

| 申索性質: | |
|---|---|
| A: | 混合申索 |
| B: | 合約 |

表格 1
傳訊令狀
(第 6 號命令第 1 條規則)

HCA          /2018

香港特別行政區
高等法院
原訟法庭
高院民事訴訟 2018 年第          號
_____

PRESCIENT INVESTMENT LIMITED          原告人

對

AMERICA 2030 CAPITAL LIMITED          第一被告人
MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED          第二被告人

致第一被告人 AMERICA 2030 CAPITAL LIMITED一地址為香港中環皇后大道中 183 號新紀元廣場中遠大廈 1411 室; 第二被告人 MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED 地址為香港灣仔皇后大道東 141-145 號恒山中心 12 樓 A 室

本傳訊令狀由上述原告人就背頁所列出的索償聲請而向你發出。

在本令狀送達給你 (14) 天內(送達之日計算在內),你必須了結該申索或將隨附的送達認收書交回高等法院登記處,並在認收書中述明你是否擬就本法律程序提出爭議或作出承認。

如你沒有在上述時限內了結該申索或交回送達認收書,或如你交回送達認收書但沒有在認收書中述明擬就本法律程序提出爭議或作出承認,則原告人可繼續進行訴訟,而判你敗訴的判決可隨即在無進一步通知發出的情況下予以登錄。

你如擬作出承認,可按照隨附的關於送達認收書的指示,填寫適當的附上的表格。

本令狀於今天,即 20____年____月_____日由高等法院登記處發出。

司法常務官

備註:一本令狀除非經由法庭命令予以續期,否則不得在發出日期起計 12 個公曆月之後送達。

重要事項
關於送達認收書的指示載於隨附的表格。

因這是法律文件, 忽視它可帶來嚴重的後果。   如有疑問,  請儘早向發出文件的法庭登記

處:

香港金鐘道三十八號,  高等法院大廈低層壹樓查詢。   你亦應考慮聽取律師的意見或是申

請法律援助。

This is a legal document.   The consequences of ignoring it may be serious.   If in doubt,

you should enquire as soon as possible at the Registry of the Court issuing the document

namely:-

LG1, High Court Building, No.38 Queensway, Hong Kong.   You should also consider

taking the advice of a Solicitor or applying for Legal Aid.

## INDORSEMENT OF CLAIMS

The claims by the Plaintiff against the 1st Defendant are:-

(1)  a declaration that the Plaintiff has been discharged from any obligation and/or liability arising from the written Master Loan Agreement signed on 31 May 2018 between the Plaintiff and the 1st Defendant (the "MLA), and is no longer bound by it in any way, by reason of breach of condition by the 1st Defendant; and

(2)  a declaration that the Plaintiff has been discharged from any obligation or liability whatsoever from Power of Attorney signed by the Plaintiff on 31 May 2018 to donate power to the 1st Defendant (the "PoA"), and is no longer bound by it in any way, by reason of breach of condition by the 1st Defendant; and

(3)  for damages for the breach as stated in the last two paragraphs;

alternatively,

(4)  a declaration that the MLA is void *ab initio* by reason of negligent and/or fraudulent misrepresentation by the 1st Defendant; and

(5)  a declaration that the PoA is void *ab initio* by reason of negligent and/or fraudulent misrepresentation by the 1st Defendant; and

(6)  for damages for negligent and/or fraudulent misrepresentation as stated in the last two paragraphs;

further and/or alternatively,

(7)   a declaration that the PoA is void *ab initio* for non-compliance with the provision(s) of the Powers of Attorney Ordinance, Cap. 31;

further,

(8)   a declaration that the Plaintiff has never been in any way bound by the written Custodian Management Agreement signed by the Plaintiff on 1 June 2018, the $2^{st}$ Defendant on 6 July 2018 and the 1st Defendant on 9 July 2018 and made between these three parties (the "**CMA**") for lack of consideration;

alternatively,

(9)   a declaration that the Plaintiff has never been in any way bound by the CMA for the 1st Defendant's negligent and/or fraudulent misrepresentation; and

(10)   for damages for negligent and/or fraudulent misrepresentation as stated in the last paragraph;

alternatively,

(11)   a declaration that the Plaintiff is not bound by the CMA by reason of breach of condition by the 1st Defendant; and

(12)   for damages for the breach as stated in the last paragraph;

further,

(13)   an injunction prohibiting the 1st Defendant from, whether individually, acting by his employees, servants or agents or otherwise howsoever, giving or relying on any Entitlement Order or any instruction or request in any form that asks the 2nd Defendant to sell or deal with, or otherwise selling or dealing with the securities held in the Depository

Account (account no. P800125), the said Depository Account being in the Plaintiff's name but maintained by the 2nd Defendant.

(14)   interests on damages claimed; and

(15)   costs.

The claims by the Plaintiff against the 2st Defendant are:-

(1)   a declaration that the Plaintiff has been discharged from any obligation or liability whatsoever from Power of Attorney signed by the Plaintiff on 31 May 2018 to donate power to the 1st Defendant (the "PoA"), and is no longer bound by it in any way, by reason of breach of condition by the 1st Defendant;

alternatively,

(2)   a declaration that the PoA is void *ab initio* by reason of negligent and/or fraudulent misrepresentation by the 1st Defendant;

further and/or alternatively,

(3)   a declaration that the PoA is void *ab initio* for non-compliance with the provision(s) of the Powers of Attorney Ordinance, Cap. 31;

further,

(4)   a declaration that the Plaintiff has never been bound by the CMA for lack of consideration;

alternatively,

(5)    a declaration that the Plaintiff has never been bound by the CMA for the 1st Defendant's negligent and/or fraudulent misrepresentation; and

further,

(6)    an injunction prohibiting the 2st Defendant from, whether individually, acting by his employees, servants or agents or otherwise howsoever, acting on any Entitlement Order or any instruction or request in any form originated from the 1st Defendant or its employees, servants or agents, or otherwise selling or dealing with the securities held in the Depository Account (account no. P800125), the said Depository Account being in the Plaintiff's name but maintained by the 2nd Defendant (except in accordance with the express instruction of the Plaintiff or its authorised agent); and

(7)    costs.

Dated the 15th day of October 2018.

LI & PARTNERS

Solicitors for the Plaintiff

Where the Plaintiff's claims are for debt or liquidated demand only: If, within the time for returning the Acknowledgement of Service, the Defendants pay the amount claimed and $N.A for costs, further proceedings will be stayed.  The money must be paid to the Plaintiff or his Solicitors.

THIS WRIT was issued by Messrs. Li & Partners of 22nd Floor, World Wide House, 19 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff of 10 Floor, Guangdong Investment Tower, 148 Connaught Road Central, Central, Hong Kong.

99

HCA        /2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO.          OF 2018

BETWEEN

PRESCIENT INVESTMENT LIMITED                                    Plaintiff
                                    and

AMERICA 2030 CAPITAL LIMITED                              1st Defendant
MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED                 2nd Defendant

ACKNOWLEDGEMENT OF SERVICE
OF WRIT OF SUMMONS

If you intend to instruct a Solicitor to act for you, give him this form **IMMEDIATELY.**
**Important.** Read the accompanying directions and notes for guidance carefully before completing
this form.    If any information required is omitted or given wrongly, **THIS FORM MAY HAVE
TO BE RETURNED.**

Delay may result in judgment being entered against a Defendant whereby he or his Solicitor may
have to pay the costs of applying to set it aside.

See Notes 1, 3,     1.   State the full name of the Defendant by whom or on whose behalf the service of the Writ is
4 and 5                  being acknowledged.

                    2.   State whether the Defendant intends to contest the proceedings (tick appropriate box)
                         ☐   yes                    ☐   no

See                 3.   If the only remedy that the Plaintiff is seeking is the payment of a liquidated amount of
Direction 3.             money or the payment of an unliquidated amount of money, state whether the Defendant
                         intends to make an admission (tick appropriate box).
                         ☐ yes                      ☐   no
                         If yes, the Defendant may make the admission by completing Form No. 16 or 16C (as the
                         case may require) accompanying the Writ of Summons.

Where words         Service of the Writ is acknowledged accordingly.
appear between                                    (Signed) [Solicitor] (                        )
square brackets,                                                        [Defendant in person]
delete if                                          Address for service:
inapplicable.

Notes as to Address for Service
Solicitor. Where the Defendant is represented by a Solicitor, state the Solicitor's place of business in Hong
Kong.
Defendant in person. Where the Defendant is acting in person, he must give his residence OR, if he does not
reside in Hong Kong, he must give an address in Hong Kong where communications for him should be sent.
In the case of a limited company, "residence" (居所) means its registered or principal office.

LI & PARTNERS
Solicitors for the Plaintiff
22/F., World-Wide House,
19 Des Voeux Road Central, Hong Kong
Ref: AKL/AKL/AKL/12721/10/18

100

表格 14

HCA　　　　/2018

香港特別行政區
高等法院
原訟法庭

高院民事訴訟 2018 年第　　　　號

PRESCIENT INVESTMENT LIMITED　　　　　　　　　　　　原告人

對

AMERICA 2030 CAPITAL LIMITED　　　　　　　　　　　第一被告人
MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED　　　第二被告人

傳 訊 令 狀 送 達 認 收 書

如閣下擬指示律師代為行事，請立即將本表格交給他。

*重要事項：*填寫本表格前請小心閱讀隨附的指示及填寫指引。如錯誤提供任何所需資料或該等資料有所遺漏，則本表格可能須予退回。

任何延遲可能會導致登錄判被告人敗訴的判決，而被告人或其律師可能須支付申請將該判決作廢的訟費。

見指引 1、3、| 1. | 述明對令狀作認收送達或由他人代為對令狀作認收送達適的被告人的全名。
4 及 5 項。

| 2. | 述明被告人是否擬就法律程序提出爭議。
（請在適用的方格內加上「√」符號）　　□ 是　　　　□ 否

見指示 3．3. | | 如原告人尋求的唯一補救，是支付經算定款項或支付未經算定款項，述明被告人是否擬作出承認。（在適用的方格內加上「√」號。）　　□ 是　　　□ 否

如擬作出承認，被告人可藉填寫隨附於傳訊令狀的表格 16 或 16C（視乎情況所需）而作出承認。

方括號內字句　　本人據此對令狀作認收送達。
如不適用請予刪去。

（簽署）(律師)　　{　　　　　　　　　　}
　　　　　　　　　　　　　[無律師作代表的被告人]

送達地址

*關於送達地址的備註*

律師：　凡被告人是由律師代表，述明該律師在香港的營業地點。
無律師代表的被告人：凡被告人是親自行事，被告人必須填上其地所，或如被告人並非居於香港，則必須填上一個給予他的通訊所應送交的香港地址。如屬有限公司，"居所"（residence）指其註冊或主要辦事處。

李偉斌律師行
原告人的代表律師
香港中環德輔道中 19 號環球大廈 22 樓
電話　：(852) 2501 0088
傳真　：(852) 2501 0028
檔案號碼　：AKL/AKL/AKL/12721/10/18

1彳1

## No.14

### Acknowledgment of Service of Writ of Summons
### (O.12r.3)

*Directions for Acknowledgment of Service*

1.    The accompanying form of ACKNOWLEDGMENT OF SERVICE should be detached and completed by a Solicitor acting on behalf of the Defendant or by the Defendant if acting in person.   After completion it must be delivered or sent by post to the Registry of the High Court at the following address :-

"LG1, High Court Building, 38 Queensway, Hong Kong."

2.    A Defendant who states in his Acknowledgment of Service that he intends to contest the proceedings MUST ALSO file a DEFENCE which must be written in either the Chinese or the English language with the Registry and serve a copy thereof on the Solicitor for the Plaintiff (or on the Plaintiff if acting in person).

If a Statement of Claim is indorsed on the Writ (i.e. the words "Statement of Claim" appear at the top of the back), the Defence must be filed and served within 28 days after the time for acknowledging service of the Writ, unless in the meantime a summons for judgment is served on the Defendant.

If a Statement of Claim is not indorsed on the Writ, the Defence must be filed and served within 28 days after a Statement of Claim has been served on the Defendant. If the Defendant fails to file and serve his defence within the appropriate time, the Plaintiff may enter judgment against him without further notice.

The Defendant's defence must be verified by a statement of truth in accordance with Order 41A of the Rules of the High Court (Cap. 4 sub. leg. A).

3.    If the only remedy that the Plaintiff is seeking is the payment of a liquidated amount of money or the payment of an unliquidated amount of money, you may admit the Plaintiff's claim in whole or in part by completing Form No. 16 or 16C (as the case may require) accompanying the Writ of Summons.

A completed Form No. 16 or 16C must be filed with the Registry of the High Court and served on the Plaintiff [or the Plaintiff's Solicitors] within the period for service of the Defence.

4.    A Defendant who wishes to dispute the jurisdiction of the Court of First Instance in the proceedings or to argue that the Court of First Instance should not exercise its jurisdiction in the proceedings, and wishes to apply to the Court of First Instance for an order staying the proceedings, must give notice of intention to defend the proceedings and make the application within the time limited for service of a defence.

*See attached Notes for Guidance*

122

## Notes for Guidance

1.    Each Defendant (if there are more than one) is required to complete an Acknowledgement of Service and return it to the Registry of the High Court.

[2.    For the purpose of calculating the period of 14 days for acknowledging service, a writ served on the Defendant personally is treated as having been served on the day it was delivered to him and a writ served by post or by insertion through the Defendant's letter box is treated as having been served on the seventh day after the date of posting or insertion.]

(Note: Not applicable if the Defendant is a company served at its registered office.)

3.    Where the Defendant is sued in a name different from his own, the form must be completed by him with the addition in paragraph 1 of the words "sued as (the name stated on the Writ of Summons)".

4.    Where the Defendant is a FIRM and a Solicitor is not instructed, the form must be completed by a PARTNER by name, with the addition in paragraph 1 of the description "partner in the firm of (.........................................)" after his name.

5.    Where the Defendant is sued as an individual TRADING IN A NAME OTHER THAN HIS OWN, the form must be completed by him with the addition in paragraph 1 of the description "trading as (.........................)" after his name.

6.    Where the Defendant is a LIMITED COMPANY the form must be completed by a Solicitor or by someone authorized to act on behalf of the Company, but the Company can take no further step in the proceedings without a Solicitor acting on its behalf.

7.    Where the Defendant is a MINOR or a MENTAL Patient, the form must be completed by a Solicitor acting for a guardian ad litem.

8.    A Defendant acting in person may obtain help in completing the form at the Registry of the High Court.

9.    These notes deal only with the more usual cases. In case of difficulty a Defendant in person should refer to Paragraph 8 above.

183

表格 14

傳訊令狀送達認收書

(第 12 號令第 3 條規則)

*關於送達認收書的指示*

1.　　隨附的送達認收書表格應由代表被告人行事的律師撕下及填寫，或如被告人是親自行事，則應由被告人撕下及填寫。表格填妥後必須交付或以郵遞方式送交高等法院登記處，登記處的地址是：一

香港金鐘道 38 號高等法院低層 1 樓

2.　　被告人如在其送達認收書中表示擬就法律程序提出爭議，則必須亦將一份抗辯書送交高等法院登記處存檔，該份抗辯書必須以中文或英文寫成，其文本並必須送達原告人的代表律師(或如原告人是親自行事，則送達原告人)。

如令狀註有申索陳述書(即在背頁上端出現 "申索陳述書" 等字)，則除非在對令狀作認收送達的時限後 28 天內有要求作判決的傳票送達被告人，否則必須在該段時限內將抗辯書送交存檔及送達。

令狀並無註有申索陳述書，則必須在申索陳述書送達被告人後 28 天內將抗辯書送交存檔及送達。

如被告人沒有在適當時限內將其抗辯書送交存檔及送達，則原告人可不發出進一步通知而登錄判被告人敗訴的判決。

被告人的抗辯書必須按照《高等法院規則》(第 4 章，附屬法例 A) 第 41A 號命令，以屬實申述核實。

3.　　如原告人尋求的唯一補救，是支付經算定款項或支付未經算定款項，你可藉填寫隨附於傳訊令狀的表格16 或16C (視乎情況所需)，承認原告人的整項申索或其部分。

填妥的表格 16 或 16C 必須在送達抗辯書的限期內，送交高等法院登記處存檔，並送達原告人[或原告人的律師]。

4.　　被告人如意欲對原訟法庭在法律程序中的司法管轄權提出爭議，或意欲辯稱原訟法庭不應在有關法律程序中行使其司法管轄權，並意欲向原訟法庭提出申請，要求作出擱置法律程序的命令，必須就法律程序發出擬抗辯通知書，並必須在送達抗辯書的時限內提出申請。

*見隨附的填寫指引*

J13

14

## 填寫指引

1.    每一名被告人(如被告人多於一名)均須填寫一份送達認收書，並將之交回高等法院登記處。

[2.    為計算作認收送達的 14 天期限，面交送達被告人的令狀視作已在其交付被告人之日送達，而以郵遞或投入被告人信箱的方式送達的令狀，則視作已在投寄或投入被告人信箱之日後第七天送達。]

(備註：如被告人是一間公司而令狀是在該公司的註冊辦事處處送達，則此條並不適用。)

3.    凡被告人是以有別於其本身姓名或名稱的姓名或名稱被起訴，表格必須由他填寫，並須在第 1 段中加上 "以(傳訊令狀所述明的姓名或名稱)之名被起訴" 等字。

4.    凡被告人是一間商號，且並沒有指示律師代為行事，表格必須由一名合夥人以其姓名或名稱填寫，並須在第 1 段中在其姓名或名稱之後加上 "(.................................................)商號的合夥人" 的描述。

5.    凡被告人是以個人身分以其本身姓名以外的名稱營業而被起訴，表格必須由他填寫，並須在第 1 段中在其姓名之後加上 "以(.........................................................)之名營業" 的描述。

6.    凡被告人是一間有限公司，表格必須由律師或獲授權代該公司行事的人填寫，但該公司如無律師代表行事，則不得在法律程序中採取進一步的步驟。

7.    凡被告人是未成年人或精神病人，表格必須由辯護監護人的代表律師填寫。

8.    親自行事的被告人可在高等法院登記處獲取協助填寫表格。

9.    本填寫指引只適用於比較普通的案件，親自行事的被告人如有困難應參閱上文第 8 段。

16

HCA 2438/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 2438 OF 2018

BETWEEN

PRESCIENT INVESTMENT LIMITED                    Plaintiff

and

AMERICA 2030 CAPITAL LIMITED            1st Defendant

MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED    2nd Defendant

## WRIT OF SUMMONS

Issued on    16th    October, 2018
Filed on     16th    October, 2018

LI & PARTNERS
Solicitors for the Plaintiff
22/F., World-Wide House,
19 Des Voeux Road Central, Hong Kong
Tel No.:    2501 0088
Fax No.:    2501 0028
Ref:   AKL/AKL/AKL/12721/10/18

2̶8̶0

Intended Action No.212/2018
HCA 2438 / 2018



IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 2438   OF 2018

BETWEEN

PRESCIENT INVESTMENT LIMITED                                   Plaintiff

**★ 6 OCT 2018**
                                          and

AMERICA 2030 CAPITAL LIMITED                        1st Defendant

MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED        2nd Defendant

---

### INTERLOCUTORY INJUNCTION

---

因這是法律文件，忽視它可帶來嚴重的後果。如有疑問，請儘早向發出文件的法庭登
記處查詢。你亦應考慮聽取律師的意見或是申請法律援助。

This is a legal document.  The consequences of ignoring it are serious.  If in doubt, you
should enquire as soon as possible at the Registry of the Court issuing the document, namely
the High Court Government Offices Building, 88 Queensway, Hong Kong.  You should also
consider taking the advice of a solicitor or applying for Legal Aid.

### IMPORTANT NOTICE TO THE 2nd DEFENDANT

1.      This Order prohibits you from dealing with certain securities as set out in more detail
below.  You should read the whole of this document carefully.  You are advised to
consult a solicitor as soon as possible.  You have the right to ask the court to vary or
discharge this Order.

2.   If you disobey this Order you may be found guilty of contempt of court and you and/or any of your directors may be sent to prison or fined or your assets may be seized.

3.   Any other person who knows of this Order and does anything which helps or permits you to breach the terms of this Order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.

## BEFORE THE HONOURABLE MR. JUSTICE ANTHONY CHAN IN CHAMBERS

## ORDER

An *ex parte* application was made on 16 October 2018 by Counsel for the Plaintiff to the Judge who read the Writ of Summons dated 15 October 2018 and the 1st Affirmation of Lin, Shun-hsiao 林舜孝 filed herein on 16 October 2018 together with the exhibits therein referred to and accepted the undertakings in Schedule 1 at the end of this Order.  After hearing the application the Judge made the following Order.

**IT IS ORDERED that:**

1.   The 2nd Defendant is prohibited from, whether acting by its employees, servants or agents or otherwise howsoever, acting on any Entitlement Order or any instruction or request in any form originated from the 1st Defendant or its employees, servants or agents, or otherwise selling or dealing with the securities held in the Depository Account (account no. P800125), the said Depository Account being in the Plaintiff's name but maintained by the 2nd Defendant.

## DURATION OF THIS ORDER

2.   This Order will remain in force up to and including 19th October 2018 "the return date", unless before then it is varied or discharged by a further order of the court.  The application in which this Order is made shall come back to the court for further hearing

on the return date, 19th October 2018 at 10:00 a.m. before the Summons Judge.

## EXCEPTIONS TO THIS ORDER

3.  This Order does not prohibit the 2nd Defendant from acting in accordance with the express instruction of the Plaintiff or its authorised agent given from the date of this Order onwards, to deal with the securities held in the said Depository Account referred to paragraph 1 above.

## EFFECT OF THIS ORDER

4.  A defendant who is an individual who is ordered not to do something must not do it himself or in any other way.  He must not do it through others acting on his behalf or on his instructions or with his encouragement.

5.  A defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents, or in any other way.

## THIRD PARTIES

6.  *Effect of this Order*. It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order.  Any person doing so may be imprisoned, fined, or have his assets seized.

## UNDERTAKINGS

7.  The Plaintiff give to the court the undertakings set out in Schedule 1 to this Order.

## VARIATION OR DISCHARGE OF THIS ORDER

8.  The Defendants (or anyone notified of this Order) may apply to the court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so should first inform the Plaintiff's solicitors.

233

## COSTS

9.  The costs of this application be reserved.

## LIBERTY TO APPLY

10.  There be liberty to apply.

## NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS

11.  The Plaintiff's solicitors are:

| | |
|---|---|
| Name: | Li & Partners |
| Address: | 22/F, World Wide House, Central, Hong Kong |
| Tel: | 2501 0088/9301 2730 (Out of Hours) |
| Fax: | 2537 7378 |

## INTERPRETATION OF THIS ORDER

12.  In this Order "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

13.  When there are two or more defendants then (unless otherwise stated):

(a)  references to "the defendant" mean both or all of them;

(b)  an order requiring "the defendant" to do or not to do anything requires each defendant to do it or not to do it; and

(c)  a requirement relating to service of this Order, or of any legal proceedings on "the defendant" means on each of them.

Dated the 16th day of October, 2018

Registrar

## SCHEDULE 1

**Undertakings given to the court by the Plaintiff**

(1)   If the court later finds that this Order has caused loss to the 2nd Defendant and decides that the 2nd Defendant should be compensated for that loss with such reasonable amount as agreed or determined by the Court, the Plaintiff will comply with any order the court may make.

(2)   As soon as practicable the Plaintiff will serve on the Defendants the Writ of Summons together with this Order.

(3)   As soon as practicable the Plaintiff will serve on the Defendants a summons to be heard on the return date together with a copy of the affirmations and copiable exhibits containing the evidence relied on by the Plaintiff and a copy of the skeleton argument used at the application for this Order.  Unless impracticable photographs of non-copiable exhibits should also be served.

(4)   Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

245

Intended Action No.212/2018
HCA ᒿ○₂₈ /2018

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. ᒿᐣᒿ₈ OF 2018

TAKE NOTICE that if you,
being the within-named
Defendants, disobey or neglect
to obey this Order by the time
therein limited, you will be
liable to process of execution
for the purpose of compelling
you to obey the same and may
be cited for contempt of Court.

BETWEEN

PRESCIENT INVESTMENT LIMITED            Plaintiff

and

AMERICA 2030 CAPITAL LIMITED            1st Defendant

MAXIMUM SUCCESS CAPITAL
PARTNERS LIMITED                        2nd Defendant

**Li & Partners**
Solicitors for the Plaintiff

懲罰通知

倘若你，作為上述案件其中
一位被告人，在限定的時間
內不服從或忽略服從本命
令，你可被裁定藐視法庭
罪，本行亦可針對你進行執
行的法律程序，以強迫你服
從本命令。

**INTERLOCUTORY INJUNCTION**

Dated this 16th October 2018
Filed on the 16th October 2018

李偉斌律師行
原告人之代表律師

LI & PARTNERS
Solicitors for the Plaintiff
22/F., World-Wide House,
19 Des Voeux Road Central, Hong Kong
Tel No.: 2501 0088
Fax No.: 2501 0028
Ref: AKL/AKL/AKL/12721/10/18

289

*Ex parte* application                                  *Plaintiff: LSH: 1st :12.10.2018*

HCA2438 /2018

### IN THE HIGH COURT OF THE
### HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### ACTION NO. 2438 OF 2018

BETWEEN

    PRESCIENT INVESTMENT LIMITED                              Plaintiff

                 and

    AMERICA 2030 CAPITAL LIMITED                              1st Defendant

    MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED                  2nd Defendant

### 1st AFFIRMATION OF
### Lin, Shun-hsiao 林舜孝

I, Lin, Shun-hsiao 林舜孝 (also known as Anthony Lin), of 4F, #28, Lane 595, Pei-an Road, Taipei, Taiwan 104, do solemnly, sincerely and truly affirm as follows,

## I. Introduction

1.  I am duly authorized by the Plaintiff to make this affirmation on behalf of the Plaintiff. Now produced and shown to me marked LSH-1 is a true copy of the written authorization by the Plaintiff.

2.    Unless otherwise stated, all the facts and matters herein deposed to are true and correct to the best of my knowledge, information and belief.

3.    I make this affirmation in support of the Plaintiff's application for an interlocutory injunction

3.1    against America 2030 Capital Limited, the 1st Defendant, to prohibit it, whether individually, acting by his employees or agents or otherwise howsoever, from selling, giving instructions to the 2nd Defendant to sell or deal with, or otherwise dealing with the stocks held in Depository Account (no. P800125) in the Plaintiff's name maintained by the 2nd Defendant; and

3.2    against Maximum Success Capital Partners Limited, the 2nd Defendant, to prohibit it from whether individually, acting by his employees or agents or otherwise howsoever, acting on any instruction by the 1st Defendant or its employees or agents or otherwise to sell or deal with the stocks held in Depository Account (no. P800125) in the Plaintiff's name maintained by the 2nd Defendant.

4.    At all materials time,

4.1    the Plaintiff is a company incorporated in Hong Kong which carries on a business of investment holding.

4.2    The 1st Defendant is a company incorporated in Hong Kong which holds out to conduct businesses such as "securitized financing", "business loans", "stock loans" etc.

4.3   The 2nd Defendant is a company incorporated in Hong Kong which carries on a business in dealing in securities which include maintaining depository accounts for securities for clients.

## II. The Events leading to the signing of the Loan Documents

5.   I am from Taiwan. I have no previous business experience and exposure in Hong Kong.

6.   In early May 2018, the Plaintiff was contemplating expanding its business. Mr. Oddie Ou 歐宏杰 ("Ou"), whom is a friend of mine, told me that a company could provide loans with stocks as collateral. He told me that it operated sizable family funds owned by European and American families. I know that Ou previously worked in Polaris Securities, a Hong Kong-subsidiary of a reputable Taiwanese securities broker firm before. I trusted his judgment in investment and financing a lot. I believed that this company introduced by Ou might be able to assist the business expansion of the Plaintiff.

7.   As such, email communications ensued between Ou, a Solomon Chang (my understanding is that he was a friend of Ou), Val Sklarov ("Sklarov"), Chief Executive Officer of the the 1st Defendant, and myself. During the email communications, I knew that the company that was going to lend money to the Plaintiff was the 1st Defendant.

8.   On or about 16 May 2018, Ou sent the following three documents to me by email,

8.1    a draft Master Loan Agreement ("MLA");

8.2    a draft Power of Attorney ("PoA");

8.3    a draft Custodial Management Agreement ("CMA").

9.    Throughout email correspondence, parties have been negotiating on the terms of the borrowing by email.

10.    Between 22 May 2018 to 1 June 2018, I started negotiating directly with Sklarov on the terms of the borrowing by email.

11.    From my communications between Sklarov and myself as well as, my understanding of the above three documents and the borrowing mechanism are as follows. The Plaintiff was to provide certain stocks as collateral to the 1st Defendant. The stocks were to be held in a stock account maintained by a stock broker firm. The 1st Defendant would then, within 3 days, lend a sum of money equivalent to 60% if the market value of the collateral to the Plaintiff. Shall the Plaintiff default in repaying the loan, the 1st Defendant would have a right to sell the stocks to set off the loan. In order to facilitate the setting-off of the loan in case of default, the Plaintiff would need to sign the PoA and the CMA. (the "Borrowing Scheme")

12.    The above was made mostly clear by one of the email from Sklarov to me on 24 May 2018. Previously, on 23 May 2018, I suggested by email that the Plaintiff should have a right to receive the proceeds in excess of the amount due to the 1st Defendant if the Plaintiff defaults and the 1st Defendant sells the stocks for setting-off. Sklarov refused that and said,

THIS MECHANISM WE DO NOT HAVE. OUR SOLE REMEDY ARE THE SECURITIES PLEDGED IN THE EVENT OF DEFAULT. WE OPERATE LIKE A PAWN BUSINESS. CLIENT BRINGS A GOLD WATCH FOR QUICK CASH. WATCH IS WORTH $1,000 USD BUT CLIENT ACCEPTS $500 WITH PROMISE TO RETURN IN ONE WEEK AND REEDEM THE WATCH. THE CLIENT DOES NOT REEDEM THE WATCH. PAWN SHOP SELLS THE WATCH FOR $1,000 USD AND KEEPS THE DIFFERENCE. THE SECURITIES LENDERS OPERATE IN THE SAME FASHION. IF THE BORROWER DEFAULTS, SECURITIES ARE FORFEITED. IF WE ARE TO MAKE AN EXCEPTION IN THIS CASE, THE INTEREST RATE WILL HAVE TO BE IN THE 8-12% RANGE.

(MY EMPHASIS)

13. Now produced and shown to me marked LSH-2 is a true copy of the said email from Sklarov to the me dated 24 May 2018.

14. On about 31 May 2018, Sklarov, on behalf of the 1st Defendant, and I, on behalf of the Plaintiff, agreed on the above Borrowing Scheme.

15. On 31 May 2018, the Plaintiff's director, Mr. Yip Wai Man ("Yip"), on behalf of the Plaintiff, signed the MLA and the PoA, with Au as witness to the signing of both documents. Now produced and shown to me marked LSH-3 is a true copy of the signed PoA.

16. On 1 June 2018, Yip, also on behalf of the Plaintiff, signed the CMA, with Au as witness to the signing.

17. On 5 June 2018, Sklarov signed the MLA on behalf of the Plaintiff. Now produced and shown to me marked LSH-4 is a true copy of the signed MLA.

18. From about 1 June 2018 to about 3 July 2018, the 1st Defendant attempted to open stock account at different broker firms for facilitating the deposit of the stocks as collateral for the Borrowing Scheme. However, no broker firm was willing to allow the opening a stock account for such purpose for the 1st Defendant. One of the broker firms was Ever-Long Securities Company Limited ("**Ever-Long**"). Ou was a manager of Brighten Management Limited, a subsidiary of Ever-Long.

19. On 3 July 2018, Sklarov, on behalf of the 1st Defendant, Ou, as representative of Ever-Long, and Mr. Liu Shih Chi ("**SC Liu**"), representative from the 2nd Defendant (introduced by Ou), and I, on behalf of the Plaintiff, had a meeting at the office of Ever-Long. The Plaintiff intended to open a stock account at the 2nd Defendant for the purpose of depositing stocks as collateral for the borrowing. That was the first time I saw Sklarov in person, and I got his name card. Now produced and shown to me marked LSH-5 is a true copy of the name card of Sklarov.

20. Few days later, Yip, on behalf of the Plaintiff, opened a stock account at the 2nd Defendant. The account number is P800125 (the "**Account**"). The signed version of the account opening form and documents are not now in my possession. However, I have in my possession a set of blank account opening forms as well as the Standard Terms and Conditions between the Plaintiff and the 2nd Defendant (collectively, the "**Account-opening Documents**"). Now produced and shown to me marked LSH-6 is a true copy of the said Account-opening Documents.

21. On 6 July 2018, **SC Liu**, on behalf of the 2nd Defendant, signed the CMA. On 9 July 2018, Sklarov, on behalf of the 1st Defendant, signed the CMA. Now produced and shown to me marked LSH-7 is a true copy of the signed

CMA.

22. I want to add that I, as a Taiwanese, am not familiar with the law and business practice in Hong Kong. Throughout the above process, I have not received any independent legal advice. I agreed on behalf of the Plaintiff because I trusted Sklarov, Ou, and the 1st Defendant being a reputable finance company.

## III. Relevant terms of the Loan Documents

23. Section 2.1(a) and (c) of the MLA says,

### 2.1 Loan Principal Amount.

(a) Subject to all of the terms and conditions of this Agreement, Lender agrees to lend to Borrower funds equal to up to one hundred seventeen million ($117,000,000.00) USD ("**Approved Loan Amount**") of the current FMV of the Pledged Collateral. The Loan Principal Amount shall typically be funded within three (3) Business Days of the receipt by Lender of a confirmation that the Pledged Collateral has been deposited with the Depository Broker and shall be memorialized in a Closing statement as example in the form of Exhibit 1 hereto, which is hereby incorporated by reference.

...

(c) For the purpose of Section 2.1(c), the amount that Lender may make available under the Loan shall be calculated by multiplying sixty percent (60%) of the Pledged Collateral by (ii) the FMV.

24. And according to Section 1 of the MLA,

"**Fair Market Price**" ("**FMP**") shall mean with respect to the stock or securities provided as Pledged Collateral the average of the last sale price on three (3) consecutive Business Days prior to closing. The average price shall be the per-share price of the Pledged Collateral used

to establish its fair market value ("FMV").

"FMV" shall mean the amount, expressed in US dollars, equating to the FMP for each share of the Pledged Collateral multiplied by the number of such shares comprising the Pledged Collateral.

"Pledged Collateral" shall mean the actual shares delivered to Lender as a consideration for the Loan and any shares or proceeds resulting from any transaction, split-up, revision, reclassification, or other like change of the Pledged Collateral.

25.  Clause 1 of the PoA says,

### 1. SCOPE OF AUTHORITY

The Attorney in Fact's scope of authority includes, but is not limited to: its ability to have access to, receive, and enquire about the information pertaining to the depository account(s) ("Depository Account(s) or "Account(s)"); place, revise, or cancel orders for sales and purchase of securities; deposit, withdraw, redeem and transfer funds or securities to and from the Attorney In Fact's account(s) or any third party account(s) of the Attorney In Fact's choosing; request advancement of the proceeds of securities transactions; execute all contracts and other documents necessary for use of the services and/or products provided by the Depository Broker in relation to the Account(s); close the Account(s); and exercise all rights and privileges and perform all duties and obligations which may now or in the future pertain to the Principal as holder of the Account.

26.  Clause 5 of the PoA says,

### 5. INDEPENDENT LEGAL SIGNIFICANCE

This Irrevocable Power of Attorney is of independent legal significance and incorporates the right, waivers and obligations of the Master Loan Agreement ("MLA"). To the extend that the provisions of this Irrevocable Power of Attorney conflicts with the MLA, this Irrevocable Power of Attorney governs.

27.  Clauses 1.1, 2.1 and 2.2 of the CMA say,

## 1   Scope of this Agreement

1.1   Lender and Borrower have entered into a Master Loan Agreement (the "MLA"), which is independent of this Agreement and the Depository Broker is not bound by it, may not interpret or attempt to adhere to it, shall not base Lender's entitlement order ("Entitlement Order") on it, shall not refuse to follow Lender's Entitlement Order, or attempt to interfere with any such Entitlement Order.

## 2   Control By Lender.

2.1   The Parties acknowledge that the Lender may, from time to time, provide notifications to the Depositary Broker directing it to sell, trade, transfer, withdraw, or redeem any funds or other property in the depository account ("Depository Account(s) or "Account(s)") in the Event of Default. Lender may from time to time and any time, in its sole discretion, (i) use the shares constituting the Pledged Collateral (or any of them) in any repurchase or loan transaction in support of the risk management strategy of Lender, irrespective of whether an Event of Default has occurred, and (ii) as otherwise provided in the Pledge (each an "Entitlement Order"). The Parties further acknowledge that Lender reserves the right to direct the Depository Broker to comply with any Entitlement Order originated by Lender.

2.2   The Depository Account(s) held by the Depository Broker in favour of Lender are as follows:

| List of the Dedicated Depository Account(s) (Maintained by the Borrower with the Depository Broker Specifying Account Name, Signatory, Address and Account Number): | |
| --- | --- |
| Prescient Investment Limited | P800125 |
| | |
| | |

## IV. Subsequent developments

28. After opening of the Account and until 18 July 2018, the Plaintiff gradually purchased a total of 1,270,000 shares of a Taiwan-listed company 康友製藥控股有限公司 Pharmally International Holding Co. Ltd (Securities Code: 6452 TT) (the "**Stocks**") which would be used as collateral in the Borrowing Scheme through the 2nd Defendant. The Stocks were deposited in the Account. The market value at the time of purchase about NTD480,000,000.

29. On 18 July 2018, the 2nd Defendant sent a Letter of Notification by email to the Sklarov, notifying the 1st Defendant that the Stocks from the Account was ready to be as the Pledged Collateral under the MLA between the 1st Defendant and the Plaintiff. Now produced and shown to me marked LSH-8 is a true copy of the said email and Letter of Notification dated 18 July 2018.

30. However, up to now, the 1st Defendant has not advanced any loan to the Plaintiff. Now produced and shown to me marked LSH-9 is a true copy of the print-out of the Plaintiff's internet banking account on 12 October 2018.

31. Surprisingly, on 24 July 2018, Sklarov, on behalf of the 1st Defendant, sent an Entitlement Order requesting the 2nd Defendant to sell 150,000 shares of the Stocks per day and transfer the proceeds to the 1st Defendant's account. The Entitlement Order referred to the CMA and PoA. Now produced and shown to me marked LSH-10 is a true copy of the said email and Entitlement Order dated 24 July 2018.

32. On 24 July 2018, I sent an email to Sklarov and SC Liu, stating the opinion of the Plaintiff that the shares should not have been sold. Now produced and shown to me marked LSH-11 is a true copy of the said email dated 24 July

2018.

33.  On 24 July 2018, Sklarov sent an email to me, claiming that the MLA and the CMA allowed the 1st Defendant to sell the shares. Now produced and shown to me marked LSH-12 is a true copy of the said email dated 24 July 2018.

34.  On 25 July 2018, I sent an email to Sklarov and SC Liu. I told Sklarov that the Plaintiff said the 1st Defendant had not advanced any loan to the Plaintiff and it was impossible that the 1st Defendant had the right to sell the Stocks. Also there was no default. I said *"No loan remittance no loan agreement. When there is no validly of loan agreement, parties shall go back to what it was.  That is, no deal at all."*

35.  I also told SC Liu that the Plaintiff warned the 2nd Defendant not to sell any shares at all and not to remit any funds to the 1st Defendant, otherwise, there woud be legal consequences. Now produced and shown to me marked LSH-13 is a true copy of the said email dated 25 July 2018.

36.  On 30 July 2018, Sklarov sent an email to SC Liu and me, asking for the status of the stocks. Now produced and shown to me marked LSH-14 is a true copy of the said email dated 30 July 2018.

37.  On 29 August, Sklarov sent an email to SC Liu, requesting the cooperation of the 2nd Defendant and threatening that legal action be taken against it. SC Liu copied the email to me on the same day. Now produced and shown to me marked LSH-15 is a true copy of the said email from SC Liu to me dated 29 August 2018.

460

38. On 6 September 2018, solicitors for the 2nd Defendant sent a letter to solicitors for the Plaintiff, stating that if the Plaintiff shall undertake to indemnify the 2nd Defendant against all loss and damage whatsoever incurred or otherwise suffered by the 2nd Defendant for not complying with the Entitlement Order issued by the 1st Defendant, the 2nd Defendant was prepared to hold and keep the Stocks pending any action which the 2nd Defendant may take in relation to the disposal of the Stocks until noon on 14 September 2018. Thereafter, the 2nd Defendant shall take such actions as it may consider appropriate and necessary, including but not limited to forthwith complying with the Entitlement Order, commencing interpleader proceedings and/or any other appropriate proceedings against such parties and shall seek such costs order(s) against such parties without further notice or reference to the Plaintiff. The deadline for replying to this letter was said to be 4:00pm on 7 September 2018. Now produced and shown to me marked LSH-16 is a true copy of the said letter dated 6 September 2018.

39. Subsequently, the Plaintiff and the 2nd Defendant, through their solicitors, agreed to extend the deadline for reply to 5pm on 10 September 2018. Now produced and shown to me marked LSH-17 is a true copy of the email correspondence between the solicitors.

40. On 18 September 2018, solicitors for the 2nd Defendant sent a letter to solicitors for the Plaintiff, requesting the Plaintiff to make and produce a statutory declaration evidencing that the 1st Defendant has failed to advance any money to the Plaintiff. A draft deed of waiver & Indemnity was also attached for the Plaintiff's approval. It was intended for Plaintiff to undertake to indemnify the 2nd Defendant against all losses and liabilities whatsoever under or pursuant to the CMA. Now produced and shown to me

marked LSH-18 is a true copy of said letter dated 18 September 2018.

41.  On 27 September 2018, solicitors for the 2nd Defendant sent a letter to solicitors for the Plaintiff, requesting the Plaintiff to confirm that it would provide the 2nd Defendant with a letter of written representations setting out the chronology of events on or before 28 September 2018, procure an authorized representative to report the fraud committed or attempted by the Plaintiff to the Hong Kong police by 3 October 2018, and commence legal proceedings in Hong Kong to set aside the CMA on or before 4 October 2018. Now produced and shown to me marked LSH-19 is a true copy of said letter dated 27 September 2018.

42.  On the same day, solicitors for the Plaintiff sent an email to solicitors for the 2nd Defendant, stating that they were still taking instructions form the Plaintiff. Also, they informed the other side that the Plaintiff planned to travel to Hong Kong to make a report to the Hong Kong Police on or before 15 October 2015, and that the Plaintiff was considering taking appropriate actions against the relevant parties. Now produced and shown to me marked LSH-20 is a true copy of said email dated 27 September 2018.

43.  On 3 October 2018, solicitors for the 2nd Defendant sent a letter to solicitors for the Plaintiff, giving an "ultimatum" that unless the Plaintiff provided the 2nd Defendant with such documents as previously requested by the 2nd Defendant and/or undertaken by the Plaintiff, and take such proper and necessary legal actions to set aside the Entitlement Order and/or the CMA to the satisfaction of the 2nd Defendant on or before 15 October 2018, the 2nd Defendant shall take it that the Plaintiff had no objection to the 2nd Defendant's complying with the Entitlement Order. Now produced and shown to me marked LSH-21 is a true copy of said letter dated 3 October

2018.

44.  On 9 October 2018, solicitors for the Plaintiff reported the case to the Commercial Crime Bureau of the Hong Kong Police Force. Now produced and shown to me marked LSH-22 is a true copy of a slip given by the Hong Kong Police Force with the report number, and a name card of the Senior Inspector of the Police who would be following up on this case.

## V. Serious questions to be tried

45.  I verily believe that the Plaintiff's claim involve serious questions to be tried:

45.1  The Plaintiff's case was that the Plaintiff was not bound by the PoA and the CMA.

45.2  The 1st Defendant clearly breached the condition under section 2.1(a) of the MLA by failing to advance any loan to the Plaintiff within 3 business days after the 2nd Defendant had sent the Letter of Notification to the 1st Defendant that the Stocks were deposited in the Account that they was ready to be as the Pledged Collateral under the MLA. In fact, no money at all has been advanced by the 1st Defendant to the Plaintiff so far.

45.3  Since, according to Clause 5 of the PoA, the PoA "*incorporates the right, waivers and obligations*" of the MLA, the 1st Defendant had similarly breached the condition under the PoA.

45.4  The Plaintiff had, by latest on 25 July 2018, accepted the repudiation of the MLA and PoA by the 1st Defendant when I sent the email stating that "*No loan remittance no loan agreement. When there is no validly of loan*

*agreement, parties shall go back to what it was.  That is, no deal at all."*
As such, the Plaintiff was no longer bound by the MLA and PoA.

45.5  I wish to add that I am advised that the PoA does not comply with the requirement under section 2 of the Powers of Attorney Ordinance, Cap. 31 as it was not sealed and that there was only one. Therefore, the PoA should not bind the Plaintiff.

45.6  According to Clause 1.1 of the CMA, the MLA was said to be *"independent of"* the CMA. As such, there has been no consideration moving from either Defendants to the Plaintiff in the CMA. The Plaintiff should not be bound by it.

45.7  Alternatively, even if the CMA is interpreted as part of bigger agreement between Plaintiff and the 1st Defendant in the Borrowing Scheme, since the 1st Defendant had breached the condition by failing to advance any loan, and that the Plaintiff has accepted the repudiation, the Plaintiff is no longer bound by the CMA.

45.8  Alternatively, the Plaintiff entered into the MLA, PoA and CMA relying on the negligent and/or fraudulent misrepresentation by Sklarov on behalf of the the 1st Defendant, that the 1st Defendant would advance loan to the Plaintiff after the Stocks were deposited in the Account and the necessary documents signed. Therefore, these agreements should now be avoided and of no effect.

45.9  Given that none of these agreements should bind the Plaintiff, both defendants have no right to sell or deal with the Stocks which are owned by the Plaintiff by whatever means or whether by themselves or through

others, without the Plaintiff's consent. Otherwise it will constitute breach of fiduciary duty by the 2nd Defendant who is holding the Stocks for the Plaintiff. The 1st Defendant will also be a constructive trustee for the Plaintiff if it appropriates the proceeds of the sale of the Stocks.

46.  I am advised that there are several "waiver" clauses in the MLA, PoA and CMA that appear to prevent the Plaintiff from accessing remedy from the Court. (See e.g. section 4.6 of the MLA, Clause 2 of the PoA, and Clause 2.6 of the CMA) However, I verily believe that these "waiver" clauses do not stand in the way of the Plaintiff's case. At least, there is a serious question to be tried.

46.1  It has never been the parties' intention that the Plaintiff must get stuck with the agreements and cannot apply for injunction whatsoever regardless how blatantly the 1st Defendant has breached the agreements, e.g. not advancing any loan to the Plaintiff at all. It makes no commercial sense at all.

46.2  It will also be a highly unconscionable result. In light of my background, the 1st Defendant has clearly abused my trust and ignorance of the Hong Kong law. I am advised that this may be a ground to set aside these agreements.

46.3  Some arguments taken by the Plaintiff mean that these agreements were void *ab initio* in its entirety, and hence these clauses will be of no effect as well.

47.  I am also advised that there are several clauses that appear to prevent the Plaintiff to rely on misrepresentation. (e.g. section 9.11 of the MLA, clause

7 of the PoA and clause 7.4 of the CMA) I am advised and I verily believe that, in light of the matters pleaded above, these clauses, even if they have such effect, cannot stand the reasonableness test under section 4 of the Misrepresentation Ordinance, Cap. 284 and section 3(1) of the Control of Exemption Clauses Ordinance, Cap. 71. At least, there is a serious question to be tried.

## V. Balance of convenience

48.  I verily believe that the balance of convenience lies towards granting the interlocutory injunction against both defendants:

48.1  The 2nd Defendant was threatening to comply with the Entitlement Order, to sell the Stocks according to the 1st Defendant's instruction, unless certain requirements are fulfilled by the Plaintiff by 15 October 2018. There is a strong urgency to grant an interlocutory injunction at this stage.

48.2  The market value of the Stocks fluctuate and may rise drastically. There is a risk that by the time the trial of this case is over, the price of the 1,270,000 shares of Pharmally International Holding Co. are already so high that neither the Defendants have sufficient means to compensate. According to a Transaction Confirmation issued by the 2nd Defendant to the Plaintiff, as of 27 August 2018, the total market value of 1,266,000 shares of Pharmally International Holding Co. was NTD$457,734,086.90. Now produced and shown to me marked AL- is a true copy of the said Transaction Confirmation.

48.3   The way the 1st Defendant behaved was extremely suspicious. It did not advance any loan to the Plaintiff as promised, but it requested the 2nd Defendant to sell the shares and advance the proceeds to it. There is a risk that the 1st Defendant may simply take the proceeds and abscond.

48.4   There is no possible injustice or loss to the 1st Defendant for an injunction to be granted. It has not even fulfilled its obligation at all by advancing any money to the Plaintiff.

48.5   There is no possible injustice or loss to the 2nd Defendant for an injunction to be granted. The 2nd Defendant also requested the Plaintiff to set aside the CMA by taking legal actions. If the 2nd Defendant was simply following a court order in not selling the Stocks, it will not possibly incur liability.

49.   In any event, the Plaintiff undertakes that it will compensate the 1st Defendant and the 2nd Defendant a reasonable amount for their loss arising from this injunction (the amount to be assessed by the Court if cannot be agreed), shall the Plaintiff fails its action at the end of the day.

## VI. Conclusion

50.   I humbly invite the Honourable Court to grant the interlocutory injunction in terms.

47

Affirmed at Messrs. Angela Ho & Associates)
Unit 1405, 14/F, Tower 1)
Admiralty Centre, 18 Harcourt Road)
Hong Kong  )
on the 12ᵗʰ day of October 2018  )

Before me,

ANGELA MAN-KAY HO
Solicitor, Hong Kong SAR
ANGELA HO & ASSOCIATES

This Affirmation is filed on behalf of the Plaintiff

488

HCA 2438 /2018

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 2438   OF 2018

BETWEEN

PRESCIENT INVESTMENT LIMITED                    Plaintiff

AND

AMERICA 2030 CAPITAL LIMITED                 1st Defendant

MAXIMUM SUCCESS CAPITAL
PARTNERS LIMITED                             2nd Defendant

### 1st AFFIRMATION OF Lin, Shun-hsiao 林舜孝

Filed on the 16th day of October , 2018.

LI & PARTNERS
SOLICITORS FOR THE PLAINTIFF
22ND FLOOR
WOLRD-WIDE HOUSE
19 DES VOEUX ROAD CENTRAL
HONG KONG SAR
TELEPHONE: 2501 0088
FACSIMILE: 2501 0028
REFERENCE: AKL/AKL/AKL/12721/10/18

HCA 2438 / 2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 2438 OF 2018

BETWEEN

**22 OCT 2018**

PRESCIENT INVESTMENT LIMITED                                    Plaintiff

and

AMERICA 2030 CAPITAL LIMITED                          1st Defendant

MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED        2nd Defendant

---

## BEFORE THE HONOURABLE MADAM JUSTICE B CHU IN CHAMBERS

## ORDER

---

UPON the application of the Plaintiff by way of Summons filed herein on the 16th day of October, 2018

AND UPON reading the 1st Affirmation of Lin, Shun-hsiao 林舜孝 filed herein on the 16th day of October, 2018

AND UPON hearing Counsel for the Plaintiff, the Solicitors for the 2nd Defendant being absent and the 1st Defendant being absent

AND UPON reading the letter dated 18th October 2018 from the 2nd Defendant's Solicitors to the Plaintiff's Solicitors

IT IS ORDERED that:

1.  the Interlocutory Injunction made by the Honourable Mr. Justice Anthony Chan dated
    16th October 2018 do continue until trial or further order;

2.  there be liberty to apply; and

3.  costs be reserved.

Dated the 19th day of October, 2018.

                                                          Registrar

HCA 2438/2018

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 2438 OF 2018

BETWEEN

PRESCIENT INVESTMENT LIMITED                    Plaintiff

and

AMERICA 2030 CAPITAL LIMITED              1st Defendant

MAXIMUM SUCCESS CAPITAL
PARTNERS LIMITED                          2nd Defendant

## ORDER

Dated this 19th October 2018

Filed on the 22 October 2018

LI & PARTNERS
Solicitors for the Plaintiff
22/F., World-Wide House,
19 Des Voeux Road Central, Hong Kong
Tel No.:  2501 0088
Fax No.:  2501 0028
Ref:  AKL/AKL/AKL/12721/10/18