IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICA 2030 CAPITAL LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| PRESCIENT INVESTMENT LIMITED and MAXIMUM SUCCESS CAPITAL PARTNERS LTD., | ) ) ) | NO. 1:18-cv-04875-AT |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS BY DEFENDANT MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED**

This Court should grant the Motion for Sanctions by Maximum Success Capital Partners Limited ("MSCP") because the Plaintiff filed a complaint that was baseless in at least the following three respects.

First, in a sleight of hand, the Plaintiff alleges that it signed documents that were actually signed by an affiliated Hong Kong corporation with the same name as the Plaintiff. The Plaintiff engaged in that sleight of hand to try illicitly to create jurisdiction in Georgia, where the Plaintiff alleges that it is domiciled. In reality, the transactions alleged in the complaint took place in Hong Kong among Hong Kong corporations.

1

Second, the Plaintiff's claim of personal jurisdiction based on MSCP's contacts with Georgia is baseless because MSCP has no contacts on which such a claim may reasonably be based.

Third, this action is baseless because Plaintiff, as a Colorado corporation that has not registered to do business in Georgia, lacked the registration capacity and standing to file this diversity action under Georgia law.

## I.   STATEMENT OF FACTS

On October 22, 2018, Plaintiff America 2030 Capital Limited filed this diversity action against MSCP and another defendant. The complaint includes the following allegations: (1) Plaintiff is "incorporated in Colorado but domiciled in Georgia" [Doc. 1, p. 1], (2) both defendants are foreign corporations located in Hong Kong [Doc. 1, p. 1], (3) the Plaintiff and the Defendants signed contracts ("Contracts") [Doc. 1, pp. 2-6], and (4) this Court has diversity jurisdiction for claims of breach of contract and fraud arising out of the Contracts [Doc. 1, p.2].

What the complaint does not disclose is that the Plaintiff is engaged in a shell game to assert personal jurisdiction in violation of Rule 11 of the Federal Rules of Civil Procedure. Three corporations exist with the identical name, America 2030 Capital Limited: one incorporated in Colorado (Attachment A

hereto),[1] one incorporated in Hong Kong (Attachment B hereto), and one incorporated in the United Kingdom. (Attachment C hereto). For ease of reference, we will use the terms "Colorado Plaintiff" to refer to the Colorado entity, "Hong Kong Signatory" to refer to the Hong Kong entity, and "UK Entity" to refer to the United Kingdom corporation. In addition, a fourth company, formed in Colorado, bears a similar name: America 2030 Capital, LLC ("Colorado LLC") (Attachment D hereto). The Hong Kong Signatory is controlled by Val Sklarov. (Attachment B hereto, page 7 of 7; Attachment E hereto, p. R00035; Attachment F hereto, p. R00042; Attachment G hereto, p. R00013). Mr. Sklarov may control all of the America 2030 entities.

The Hong Kong Signatory signed the Contracts, as shown by the seals on the sealed Contracts that state, "Incorporated in Hong Kong." (Attachment E hereto, p. R00035; Attachment F hereto, p. R00042). An unsealed contract also shows that the Hong Kong Signatory signed. (Attachment G hereto, pp. R00008,

---

[1] The Attachments A-K hereto are identical to Attachments A-K to MSCP's memorandum supporting its motion to dismiss [Docs. 7-2 through 7-12]. An evidentiary foundation for those exhibits is provided in two previously-filed declarations of Shi Chi Liu [Docs. 7-12 and 7-13], which declarations are incorporated herein by reference. The email messages in Attachments L and M hereto were sent and received by the undersigned on the dates shown on those email messages.

3

R00011, R00014). The entity number shown on the corporate seal ("Registration 2646350") regards a Hong Kong corporation whose corporation documents are Attachment B hereto. Thus, the Contracts regard a transaction among Hong Kong entities regarding the disposition of certain stock in a Hong Kong account.

Importantly, the Colorado Plaintiff was not a party to the Contracts.

By a sleight of hand to illicitly try to manufacture personal jurisdiction where none legally exists, the complaint makes baseless allegations that the Colorado Plaintiff, allegedly domiciled in Georgia, was a party to the Contracts [Doc. 1, pp. 2-6], thus creating a link to Georgia through the Plaintiff. In reality, no such link exists.

Further, even were such a link to exist, the complaint would be and is nevertheless baseless because it alleges, without a reasonable basis, personal jurisdiction over Defendant MSCP, a Hong Kong corporation with its principal place of business in Hong Kong that does no business in Georgia and owns no property in Georgia. Declaration of Shi Chi Liu ¶¶ 3-20 (Attachment K hereto). The complaint correctly recognized that the Defendant MSCP is a foreign Hong Kong corporation [Doc. 1, p. 1]. However, the complaint does not – and cannot – allege sufficient facts regarding jurisdiction to sustain either general personal jurisdiction or specific personal jurisdiction over Defendant MSCP.

Additionally, the Colorado Plaintiff is not listed on the Georgia Secretary of State's records as being registered to do business in Georgia (Attachment H hereto), so it is ineligible to file suit here as a matter of Georgia law.

From a practical standpoint, a lawsuit regarding the Contracts already exists in Hong Kong, and an entity called America 2030 Capital Limited has acknowledged service. (Attachment I hereto). That Hong Kong lawsuit predates this action. (Attachment J hereto, p. J1-J15 (Writ of Summons in Hong Kong action issued October 16, 2018)); [Doc. 1] (complaint in this action filed on October 22, 2018).

For the foregoing reasons, beginning in the first part of December 2018, Defendant MSCP respectfully requested through counsel that Plaintiff dismiss its action. Counsel for the Plaintiff declined. Instead, Plaintiff's counsel expressed a desire possibly to amend the complaint to allege that the Colorado Plaintiff was the parent of the Hong Kong Signatory and, in the capacity of a parent, could sue on behalf of the Hong Kong Signatory to create jurisdiction in this Court. However, the Hong Kong Signatory, and not the Colorado Plaintiff, is the real party in interest. It would be frivolous to amend to allege that this action may legally be prosecuted in the name of a parent in a further effort to concoct jurisdiction.

Therefore, any attempt to amend would seek to merely substitute one set of baseless allegations for another.

## II.   ARGUMENT AND CITATION TO AUTHORITY

An attorney and a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose. *De Sisto College, Inc. v. Line*, 888 F.2d 755, 763 (11th Cir. 1989), *cert. denied*, 495 U.S. 952 (1990). Sanctions under Rule 11 can be imposed when the attorney's conduct falls short of a "reasonableness under the circumstances" standard. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1569 (11th Cir. 1991) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)).

Even if a pleading complies with the certification requirements of Rule 11 when it is signed, counsel can violate Rule 11 by continuing to assert a claim after it becomes clear that the claim lacks a factual or legal basis. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996).

In considering a motion for sanctions pursuant to Rule 11, the Court is to conduct a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been

6

aware that they were frivolous." *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001) *abrogated on other grounds* by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 648 (2008); *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011); *see Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694-95 (11th Cir. 1995). Under Rule 11, an attorney who files a pleading with a federal court "certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." *Byrne*, 261 F.3d at 1105 (quotations and citations omitted). If a court finds that the attorney failed to make a reasonable inquiry, then the court must impose sanctions even if the court finds that the attorney had a good faith belief that the claims were sound. *Id.* at 1105-6; *see Lancellotti v. Fay*, 909 F.2d 15, 19 (1st Cir. 1990) ("a pure heart no longer excuses an empty head").[2]

    In the event that Rule 11 provides an insufficient remedy, this Court should award sanctions pursuant to 28 U.S.C. § 1927 and the inherent power of this Court because counsel for Plaintiff has recklessly and knowingly asserted and pursued frivolous claims, has multiplied the proceedings in this case unreasonably and

---

[2] The Plaintiff's actions also qualify for sanctions pursuant to 28 U.S.C. § 1927.

vexatiously for the improper purpose of harassing movant, and has caused unnecessary attorneys' fees and costs.

### A. Plaintiff's Claim Is Objectively Frivolous Because It Lacks a Legal and Factual Basis

As shown in the Statement of Facts in Section I above, Plaintiff's complaint lacks factual basis because the Hong Kong Signatory, rather than the Colorado Plaintiff, took the actions alleged on pages 2 through 6 of the complaint. [Doc. 1, pp. 2-6]. It was factually baseless and objectively frivolous to assert that the Colorado Plaintiff, rather than the Hong Kong Signatory, took those actions. Further, the Claim also lacks a legal basis because "[a]n action must be prosecuted in the name of the real party in interest," the signatory. Fed. R. Civ. P. 17(a)(1).

In some circumstances, it is possible to substitute the real party in interest for the plaintiff. However, such a substitution is not feasible here for several reasons.

First, because the Hong Kong Signatory has no connection to Georgia and neither of the Defendants have Georgia connections, Plaintiff's counsel apparently chose as the plaintiff the Colorado Plaintiff because that corporation is allegedly "domiciled in Georgia." [Doc. 1, p. 1]. As counsel for Plaintiff correctly admitted to counsel for MSCP during a December 17, 2018, telephone call, there would be

no basis for jurisdiction if the Hong Kong Signatory were to become the plaintiff in this action because no connection to Georgia would exist and because all parties would be Hong Kong corporations.

Second, the complaint acknowledges that both "Defendants are Foreign corporations located in Hong Kong" [Doc. 1, p. 1]. Yet, the complaint is factually and legally baseless because it is devoid of sufficient allegations regarding personal jurisdiction for Defendant MSCP. In that regard, the complaint alleges:

> 2. JURISDICTION AND VENUE
>
> Jurisdiction is proper in the federal court through diversity Jurisdiction [*sic*] as the case is international between the Plaintiff, a Corporation domicile [*sic*] in Georgia and the Defendants are foreign corporations domiciled in Hong Kong and the amount in controversy exceeds $75,000. Venue is proper as substantial transaction [*sic*] regarding this contract was carried out between the Plaintiff and the Defendants in Georgia over the Internet.

[Doc. 1, p. 2]. There are no other personal jurisdiction allegations. That does not pass muster under Rule 11. Further, no sufficient factual personal jurisdiction allegations can be made pursuant to Rule 11 because none exists. (Attachment K hereto). *E.g.*, *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115 (2014).

Third, the Colorado Plaintiff was not and is not qualified or registered with the Georgia Secretary of State to do business in Georgia (Attachment H hereto),

9

thus depriving the Colorado Plaintiff of the capacity and standing to file and maintain this action. O.C.G.A. § 14-2-1502.

**B.    Plaintiff and Plaintiff's Counsel Failed to Conduct a Reasonable Inquiry or Intentionally Asserted False Claims**

Plaintiff and Plaintiff's counsel should have been aware that the claims were frivolous because a reasonable inquiry before filing this action would have revealed that the claims were frivolous. Plaintiff has access to relevant documents alleged in the complaint, including the documents stating "Incorporated in Hong Kong," documents showing that Defendant MSCP has not done business in Georgia, and documents showing that the Colorado Plaintiff is not registered to do business in Georgia. Plaintiff has either failed to conduct a reasonable inquiry in that regard or simply closed its eyes to those documents. After this action was filed, Plaintiff's counsel was made aware of the frivolous nature of the claims because, before preparing and serving this Motion, counsel for Defendant MSCP provided fair notice by phone calls and email correspondence of the baseless nature of the claims that violated Rule 11. (Attachment L hereto).[3] Yet, Plaintiff and Plaintiff's counsel refused to dismiss this lawsuit despite repeated requests.

---

[3] After this motion was served but before it was filed, counsel for MSCP sent the email messages in Attachment M hereto and met with Plaintiff's counsel in person to try to persuade Plaintiff to dismiss this lawsuit, but to no avail.

### C. <u>Notice</u>

Before filing this Motion, Defendant MSCP served it with Attachments A-L hereto and awaited more than 21 days before filing. Attachment N hereto, served by mail on January 9, 2019, bears the certificates of service executed in handwriting by MSCP's counsel on January 9, 2019.

### D. <u>Remedy</u>

The Court has discretion to craft and impose an appropriate sanction for a Rule 11 violation, including dismissal of the action with prejudice. *See Am. Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59 (8th Cir. 1988) (filing frivolous documents supported dismissal of Complaint with prejudice), *cert. denied*, 488 U.S. 996 (1988). Monetary sanctions, including attorneys' fees and costs in defending against a claim that lacked a factual or legal basis, are also appropriate. *See Phonometrics, Inc. v. Economy Inns of Am.*, 349 F.3d 1356 (Fed. Cir. 2003).

For the foregoing reasons, Defendant respectfully requests that this Court enter an appropriate sanction for Plaintiff's sanctionable conduct, including dismissal of this action with prejudice, as well as an award of all costs and fees, including attorneys' fees, incurred by Defendant MSCP in preparing this motion and memorandum and in defending against Plaintiff's claims.

### III.  CONCLUSION

For the foregoing reasons, this Court should impose the requested sanctions, grant attorneys' fees and expenses, and dismiss this action with prejudice.

Respectfully submitted, this 7th day of February, 2019.

                          SMITH, GAMBRELL & RUSSELL, LLP

                          */s/ William W. Maycock*
                          William W. Maycock
                          Georgia Bar No. 479175
                          Vickie C. Rusek
                          Georgia Bar No. 487697

                          *Attorneys for Defendant Maximum Success Capital Partners Limited*

1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia  30309-3592
T: (404) 815-3500
F: (404) 685-6887
bmaycock@sgrlaw.com
vrusek@sgrlaw.com

## **FONT CERTIFICATION**

The undersigned counsel for Defendant Maximum Success Capital Partners Limited hereby certifies that the within and foregoing motion and memorandum were prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

                                              */s/ William W. Maycock*
                                              William W. Maycock
                                              Georgia Bar No. 479175

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICA 2030 CAPITAL LIMITED ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| PRESCIENT INVESTMENT LIMITED ) | NO. 1:18-cv-04875-AT |
| and MAXIMUM SUCCESS CAPITAL ) | |
| PARTNERS LTD., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

This Motion was originally served by mail on January 9, 2019, as shown in Attachment N to the memorandum supporting this Motion.

I hereby certify that I have, this date, served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS BY DEFENDANT MAXIMUM SUCCESS CAPITAL PARTNERS LIMITED** via the Court's ECF system to:

1

SGR/19624862.3

Esther Oise Esq.
Oise Law Group
1565 Woodington Circle
Suite 101D
Lawrenceville, GA 30044

This 7th day of February, 2019.

          SMITH, GAMBRELL & RUSSELL, LLP

          */s/ William W. Maycock*
          William W. Maycock
          Georgia Bar No. 479175
          Vickie C. Rusek
          Georgia Bar No. 487697

          *Attorneys for Defendant Maximum Success Capital Partners Limited*

1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia  30309-3592
T: (404) 815-3500
F: (404) 685-6887
bmaycock@sgrlaw.com
vrusek@sgrlaw.com